■ ODETTE REALTY COMPANY et al., Appellants, v PHYLLIS DIBIANCO et al., Respondents, et al., Defendants. PAUL BOGONI, Respondent, v CLAIRE FRIEDLANDER et al., Appellants, and MAIDAD RABINA, Also Known as MICKEY RABINA et al., Respondents. PAUL BOGONI, Respondent, v CLAIRE FRIEDLANDER et al., Appellants.—Order, Supreme Court, New York County (Myriam Altman, J.), entered January 25, 1990, which, *inter alia,* denied the motions by plaintiffs Odette Realty Company ("Odette") and Claire Friedlander ("Friedlander") for summary judgment, granted the cross-motion by defendants Paul Bogoni ("Bogoni"), Phyllis DiBianco, Arthur Rowe and Joseph Ryba for summary judgment dismissing the complaint, and imposed sanctions in the sum of $10,000 as against plaintiff Friedlander, unanimously affirmed, with costs.

Order of the same court and same Justice, entered January 31, 1990, which granted plaintiff Bogoni partial summary judgment on the eleventh cause of action of the amended complaint as against defendant Friedlander and which directed that the assessment of damages be held at the trial of the remainder of the action, unanimously affirmed, with costs.

Order, of the same court and same Justice, entered March 1, 1990, which, *inter alia,* directed Friedlander's counsel, non-party attorney Daniels Rhoades, to personally pay $2,500 in sanctions to plaintiff Bogoni's counsel, unanimously affirmed, with costs.

Order of the same court and same Justice, entered May 14, 1990, which, *inter alia,* denied the cross-motion by defendants Maidad Rabina, also known as Mickey Rabina, Rabina Realty, and 251 West 92nd Corp. (the "Rabina Defendants") for summary judgment dismissing the first through eighth, tenth through twelfth and fourteenth causes of action of plaintiff Bogoni's complaint as against the Rabina Defendants, unanimously affirmed, with costs.

Neither the withdrawal nor the sale of the respective interests, of four partners resulted in the dissolution of the Odette partnership, nor entitled Friedlander to an accounting, where the initial partnership agreement specifically provided that neither the death nor withdrawal of any partner would effect a dissolution thereof and that a partner may sell his or her interest without restriction or limitation. *(Burger, Kurzman, Kaplan & Stuchin v Kurzman,* 139 AD2d 422, 424, *lv denied* 74 NY2d 606.)

The IAS court properly granted Bogoni partial summary judgment on his eleventh cause of action seeking monetary damages as against Friedlander for her alleged breach of a joint venture agreement, dated February 21, 1985, wherein Bogoni and Friedlander, as tenants in common, owning 55% and 45% respectively of the subject premises, agreed to utilize their best efforts to convert the subject premises located at 251 West 92nd Street to cooperative ownership. It is undisputed that Friedlander executed the aforementioned agreement, refused to cooperate with the conversion and transfer of the property from Odette to Friedlander and Bogoni, and subsequently violated a preliminary injunctive order, restraining Friedlander from interfering with the conversion, by selling the subject property to the Rabina Defendants without notice to Bogoni.

Summary judgment in favor of the Rabina Defendants was precluded by triable issues of fact as to whether the Rabina Defendants had, in fact, purchased the subject property from Friedlander in good faith or had conspired or wrongfully induced Friedlander's breach of the February 21, 1985 joint venture agreement.

Finally, under the circumstances presented, we find that the

IAS Court did not abuse its discretion in imposing separate monetary sanctions upon Friedlander and her counsel for their instituting frivolous litigation and repeated failure to comply with court directives that Friedlander appear for deposition. *(Matter of Minister of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411; 22 NYCRR 130-1.1.)

We have considered the remaining contentions raised on appeal and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Asch, Smith and Rubin, JJ.