■ PAUL BOGONI, Respondent, v CLAIRE FRIEDLANDER et al., Appellants, and MAIDAD RABINA, Also Known as MICKEY RABINA, et al., Respondents.—Order, Supreme Court, New York County (Myriam Altman, J.) entered June 25, 1990, which, *inter alia,* granted an order of attachment to plaintiff, unanimously affirmed, with costs.

Plaintiff originally commenced an action against defendant Friedlander for breach of a joint venture agreement that provided for ownership by plaintiff and defendant of certain property in Manhattan as tenants-in-common, and the conversion of said property to cooperative ownership. Title to the property was in the name of defendant Odette Realty Company, a partnership in which Friedlander was a 45% partner. Plaintiff had purchased the other 55% partnership interest. During pendency of the action, Friedlander, in violation of an order enjoining her from interfering with the plan to convert the property, transferred it to the Rabina defendants, who were thereafter joined in the action. Plaintiff was granted partial summary judgment on a cause of action for monetary

damages against Friedlander for the breach of the joint venture agreement, which was affirmed by this Court on appeal *(Odette Realty Co. v DiBianco,* 170 AD2d 299). Plaintiff thereafter moved for and was granted an order of attachment with regard to mortgage payments received on the subject property and any other interest Friedlander had in said property, a bank account containing the remaining cash proceeds from the sale, Friedlander's interest in shares of stock and proprietary leases in certain apartments in another building.

Contrary to defendants' contentions, the requirements for an attachment were met. Sufficient evidence was presented that "the defendant, with intent to * * * frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property" (CPLR 6201 [3]). Further, plaintiff has demonstrated a probability of success on the merits, and that the amount sought exceeds all counterclaims *(see generally, Societe Generale Alsacienne De Banque v Flemingdon Dev. Corp.,* 118 AD2d 769). There is no prerequisite that the order specify an amount in an attachment *pendente lite,* since the amount of final judgment is not known and the attachment properly sets forth specific property. Finally, as the partnership is a party-defendant, attachment of partnership property is proper. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.