■ GORDON PARKS, Appellant, v LEAHEY & JOHNSON, P. C., et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered November 7, 1990 which, upon a motion by defendants pursuant to CPLR 3211 (a) (7), dismissed the complaint with prejudice without leave to replead and imposed a monetary sanction pursuant to CPLR 8303-a and 22 NYCRR 130-1.1, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of reducing the sanction imposed to $1,000 and, except as so modified, affirmed, without costs.

The only well-pleaded allegation in the complaint is that defendant law firm and attorney-notary, in prior litigation *(Parks v Greenberg,* 161 AD2d 467, *lv denied* 76 NY2d 712, *mot to dismiss appeal granted* 76 NY2d 888), knowingly submitted affidavits notarized by a notary public whose commission had expired. Supreme Court correctly concluded that, assuming this to be true, defendants nevertheless could not be

held liable to plaintiff since the validity of those documents was unassailable *(see,* Executive Law § 142-a). The statute is unambiguous when read in context. The plain meaning does not lead to an absurd, futile or unreasonable result and does not conflict with the policy of the legislation or frustrate the statutory purpose *(Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 675). In any event, we do not find that the legislative history of Executive Law § 142-a supports the construction advanced by plaintiff.

While the imposition of sanctions is a matter entrusted to the sound discretion of the IAS Court in the first instance *(see, Odette Realty Co. v DiBianco,* 170 AD2d 299), we find the sanction imposed to be excessive and reduce it accordingly.

We have reviewed plaintiff's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.