■ WILLIAM STOCKLER & Co., Respondent, v KENNETH HELLER, Doing Business as KENNETH HELLER COUNSELOR AT LAW PROCTOR IN ADMIRALITY, et al., Appellants.—Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered December 4, 1991, which awarded plaintiff $17,220.82, with interest from February 27, 1991 at the rate of 15% per annum, unanimously modified, on the law, to provide that interest shall be computed at the rate of 9% per annum, and otherwise affirmed, with costs in favor of plaintiff. Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered February 18, 1992, which awarded plaintiff $5,000 in costs and attorney's fees on account of defendants' frivolous motion practice, pursuant to subpart 130-1 of the Rules of the Chief Administrator of the Courts (22 NYCRR 130-1.1 *et seq.),* unanimously affirmed, with costs.

In March 1990 defendants Kenneth Heller, doing business as "Kenneth Heller Counselor at Law Proctor in Admiralty", and Kenneth K. Heller, P. C. (hereafter for convenience "defendant" or "Heller") retained plaintiff, an English solicitor, to initiate a lawsuit in London in the name of defendant's client against an English insurance company to collect a New York State judgment in the amount of $8,436,798.25. A March 29, 1990 fax to plaintiff and signed "Kenneth Heller" con-

cluded with the words "Proceed forthwith. We will supply everything you need including funds." During the next eight months defendant and plaintiff exchanged numerous communications by telephone, letter and fax between New York and London concerning the case, including matters concerning the ongoing financing of the legal work undertaken at defendant's behest.

In November 1990, after defendant failed to remit payments requested by plaintiff and stopped payment on one $5,000 check, and after plaintiff warned defendant of the consequences of his actions, plaintiff obtained a court order in England relieving plaintiff from representation, and obtained a default judgment of L8,196.70 (pounds sterling) after serving defendant in New York.

After obtaining the English judgment, plaintiff commenced the within action in New York Supreme Court for summary judgment in lieu of complaint, stating one cause of action based on the English judgment, and alternatively one based on the $5,000 dishonored check. Defendant's opposition consisted of a lengthy cross motion consisting almost entirely of legal conclusions without factual or documentary support. Defendant admitted that he retained plaintiff to collect the judgment in favor of his client, that the English courts permitted plaintiff to retire as counsel on December 21, 1990 and issued a default judgment against defendant on February 27, 1991, and that defendant issued the $5,000 check for payment of legal fees.

Defendant nevertheless sought dismissal of all claims against himself personally and as P. C. on the purported grounds that plaintiff failed to state a cause of action, but without explaining why; that plaintiff brought suit in England against the wrong party because the English judgment was against "Kenneth Heller (male)" as opposed to "Kenneth Heller d/b/a/ Kenneth Heller Counselor at Law Proctor in Admiralty" or "Kenneth K. Heller, P.C.," while never denying that he was the "Kenneth Heller (male)" described in the English action and judgment; that plaintiff had no standing to sue on the $5,000 dishonored check because it was made payable to Mr. Stockler as an individual rather than to his law firm; that defendant was not served in the English action pursuant to the Hague Convention and could not get due process in England, and that he had meritorious defenses against the claims for fees and the check, without explaining the basis for these assertions; that plaintiff committed legal malpractice for which $10 million should instead be awarded

to Heller because that was the amount of Heller's client's judgment that plaintiff had jeopardized, without submitting any evidence or legal explanation as to why a New York court should hear a malpractice claim against an English lawyer for his performance in London; that the $5,000 claim based on the dishonored check should be "dismissed to avoid a double recovery," despite the clear statement by plaintiff in his affidavit in support of his motion for summary judgment in lieu of complaint that the claim "is pled in the alternative because the $5,000 sum represented by the check is included in the amount of the judgment upon which the first cause of action is based;" and that plaintiff disclosed "confidences he received as a result of Heller, P. C.'s retainer of him, in order to obtain a default judgment, [and] has jeopardized Escobar's [Heller's client's] judgment," again without offering any evidence in support of the claim.

Plaintiff was forced to reply to each of these unsupported claims in a lengthy affidavit supported by 84 pages of documentary evidence demonstrating that each of the claims asserted in defendant's cross motion was without merit. Plaintiff also sought an award of costs, disbursements and reasonable attorney's fees incurred as a consequence of its having been compelled to respond to Heller's frivolous defenses (22 NYCRR 130-1.1). Justice Moskowitz ruled that Heller had failed to raise any factual issue warranting denial of summary judgment in plaintiff's favor and granted plaintiff's motion, but denied plaintiff's application for sanctions "with leave to renew if defendants engaged in further motion practice."

Heller then submitted a motion for reargument which rehashed many of the meritless and unsupported claims Heller had previously submitted. Plaintiff opposed the motion for reargument and cross-moved again for reimbursement of its expenses and reasonable attorney's fees under 22 NYCRR 130-1.1. Justice Moskowitz found that there was no factual or legal basis for defendant's original cross motion, or for the reargument motion, that both motions were "totally frivolous" and were submitted "just really to delay."

We affirm the court's award of costs and reasonable attorney's fees, which were justified despite the fact that one meritorious point (the rate of interest) was raised among the frivolous claims asserted in the defendant's motion for reargument. Plaintiff has conceded that the appropriate rate of interest from February 27, 1991 is 9% (CPLR 5004; *see, Action S.A. v Rich & Co.*, 951 F2d 504, 508-509 [2d Cir 1991, applying New York law], *cert denied* — US —, 112 S Ct 1763). The

judgment entered December 4, 1991 is modified accordingly, and the judgment entered February 18, 1992 is affirmed. We decline to impose sanctions against the defendants or a further award of costs and attorney's fees based upon Heller's having taken the instant appeal, as requested by plaintiff. Concur—Sullivan, J. P., Carro, Milonas and Wallach, JJ.