■ CLASSIC RESIDENCES, INC., Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ESTATE OF PETER F. FLEISCHMANN, Deceased, et al., Respondents-Appellants. [622 NYS2d 693] —Order, Supreme Court, New York County (Joan Lobis, J.), entered June 27, 1994, which, *inter alia,* denied the CPLR article 78 petition seeking deregulation of respondent tenant's apartment, vacated the stay tolling the period for the landlord to offer or deny a renewal lease, and denied the tenant's application to vacate the toll nunc pro tunc, unanimously modified, on the law, to the extent of directing entry of judgment dismissing the petition, and otherwise affirmed, without costs.

As the Rent Regulation Reform Act of 1993 (L 1993, ch 253, §§ 5-7, adding Administrative Code of City of NY §§ 26-403.1 [rent control], 26-504.1—26-504.3 [rent stabilization]) neither expressly authorizes nor prohibits amendments or corrections to a tenant's income certification form, it makes little sense to prohibit corrections by implication. Under the circumstances herein, the widowed tenant, who was uncertain whether the income of her recently deceased husband's estate should be included in her income as tenant, was properly allowed to submit a corrected form. Since the correction did not concede that the tenant's income was in excess of the threshold for an administrative order of deregulation, the Division of Housing and Community Renewal was not required to issue an order, or do so within the statutory 30 days for uncontested certifications, and was therefore not subject to mandamus.

Under the circumstances herein the IAS Court did not abuse its discretion in denying nunc pro tunc vacatur of its stay tolling the renewal lease window period.

We modify only to correct the disposition so that it be rendered in the appropriate form. Concur—Murphy, P. J., Rosenberger, Nardelli and Williams, JJ.