*85 OPINION OF THE COURT
Herman Cahn, J.
Petitioner initially commenced this proceeding pursuant to CPLR article 78, however, on consent of all the parties, the action has been converted to one for declaratory judgment. It challenges the constitutionality of the Rent Regulation Reform Act of 1993 (L 1993, ch 253) (Reform Act) which, among other things, provides for the decontrol of "high rent” apartments occupied by "high income” households.
Respondent, Joseph H. Holland, as Commissioner of the State of New York, Division of Housing and Community Renewal — Office of Rent Administration (DHCR) cross-moves to dismiss the petition and for a judgment declaring the Reform Act constitutional.
Petitioners are tenants residing at apartment 17-D, 165 East 66th Street, New York, New York (the Premises). On February 24, 1994, respondent-intervenor, Westminster Properties, Ltd. (the Landlord), owner of the premises, filed a petition for high income rent deregulation with DHCR seeking deregulation of the petitioners’ apartment pursuant to the Reform Act. At that time the apartment was subject to the New York City Rent Stabilization Law.
On April 4, 1994, petitioners, in their answer to the Landlord’s petition for decontrol, refused to verify their income as provided in the Reform Act, asserting, inter alia, that the statute is unconstitutional and deprives them of equal protection of the law. On February 2, 1995, DHCR issued an "order of deregulation” (the February 1995 Order) of the apartment pursuant to the Reform Act on the grounds that petitioners failed to submit income verification information which is deemed a default and is the equivalent to a determination that the tenants’ adjusted gross income exceeds $250,000.
Thereafter, on March 3, 1995, petitioners filed a petition for administrative review (PAR) of the February 1995 Order arguing that the Reform Act was unconstitutional and, thus, should not be applied to the petitioners. By order and opinion dated December 27, 1995, DHCR denied petitioners’ PAR finding that the Landlord had met the requirements to file a deregulation petition; that the petitioners stated in both their PAR and in their surreply that if they had provided the required income information their income would have met the level required to deregulate the premises; and, that the issue of the constitutionality of the Reform Act was beyond the Commissioner’s power to determine.
*86 Petitioners now seek a declaration that the Reform Act is unconstitutional, and an order directing the DHCR to restore the Premises to rent-stabilized status. The Reform Act amends New York’s Rent Stabilization Law (Administrative Code of City of NY § 26-501 et seq.) and allows landlords to commence administrative proceedings before DHCR to have an apartment deregulated, if the total sum of the Federal adjusted gross income of the apartment’s tenants exceeds $250,000 for two consecutive calendar years and the apartment is rented for more than $2,000 per month.
Petitioners argue, inter alia, that section 26-504.3 (a) of the Administrative Code entitled "High income rent decontrol”, which defines annual income as "the federal adjusted gross income as reported on the New York state income tax return”, violates the Equal Protection Clause of the Constitution by using Federal adjusted gross income as the measure of income to define and classify high income households. They note that many wealthy individuals similarly situated to petitioners derive their income from sources which are not part of the Federal adjusted gross income on the Federal income tax return because, e.g., they invest in tax-free securities, and thus such "tax-free” income is not considered in determining whether their income is more than $250,000. They argue that by using "adjusted gross income” rather than "realized actual income” as a measure, some tenants’ apartments with incomes in excess of $250,000 will be exempt from decontrol, while other tenants with adjusted gross incomes in excess of $250,000 who derive their income from taxable sources, e.g., salaries, will be subject to decontrol under the Reform Act.
It is well settled that a statute will be struck down only when its "unconstitütionality. is shown beyond a reasonable doubt” (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541; see also, I.L.F.Y. Co. v City Rent & Rehabilitation Admin., 11 NY2d 480). The court observes at the outset that where, as in the instant case, neither a fundamental right is affected or a suspect classification is created, the standard of review on an equal protection claim is rationality, i.e., "whether the challenged distinction bears a reasonable relationship to some legitimate legislative objective [citations omitted]” (Matter of Allen v Howe, 84 NY2d 665, 672).
Moreover, if a statute is rationally related to the State’s interest, it must be upheld by the court notwithstanding that some inequality may result (see, Dandridge v Williams, 397 US 471; Matter of Allen v Howe, supra). This rational basis test *87 has also been applied to cases involving rent classification and rent regulations (see, Pennell v San Jose, 485 US 1). Finally, the court may not substitute its judgment for the Legislature’s in determining whether a legislative classification is reasonable if any state of facts justify the statute (Lighthouse Shores v Town of Islip, 41 NY2d 7; Matter of Pratt v Tofany, 37 AD2d 854).
The New York State Senate Introducer’s Memorandum in Support of Senate Bill S 6198/Assembly Bill A 8859 (see, L 1993, ch 253) (the New York Senate’s Memorandum) states in pertinent part: "The current rent regulation system provides the bulk of its benefits to high income tenants. There is no reason why public and private resources should be expended to subsidize rents for these households.
"Taxpayers currently expend 40 million dollars each year to administer the rent regulation system in this state * * * Property owners likewise are required to subsidize high income tenants who do not require any assistance in the form of reduced rents. This bill takes an important first step to address this glaring inequity in the current rent regulation system”. (1993 NY Legis Ann, at 175-176.)
The original purpose for the Rent Stabilization Law was to ensure affordable housing. The Legislature in enacting the Reform Act made a finding that wealthy tenants should no longer have the subsidies of stabilized rents, continuing the protection for other tenants. Although the Legislature could have adopted a different measure to define high income tenants, petitioners fail to meet their burden of establishing that the Legislature’s decision to adopt adjusted gross income as the measure in defining "high income” was arbitrary or capricious (see, Cook v City of Binghamton, 48 NY2d 323).
Petitioners’ argument that the Reform Act violates the Equal Protection Clause because, in defining income as adjusted gross income, the Reform Act creates classifications which result in unequal treatment of households with actual incomes in excess of $250,000, is unavailing. The Equal Protection Clause does not bar the Legislature from creating classifications which result in some inequality as long as there exists some reasonable basis (Dandridge v Williams, supra, at 485; see also, Montgomery v Daniels, 38 NY2d 41, 61). "[Petitioner has failed to carry his heavy burden of establishing that the classification constitutes invidious discrimination or is palpably arbitrary (see Matter of Catapano Co. v New York City Fin. Admin., 40 NY2d 1074, app dsmd 431 US 910; Shapiro v City of New York, *88 32 NY2d 96, app dsmd 414 US 804; Matter of Manganaro v Tully, 88 AD2d 206)” (Matter of Scobey v New York State Tax Commn., 95 AD2d 905, 906).
Here, the Legislature in acting to eliminate rent regulation protection for high income tenants accepted a definition of income as adjusted gross income, as set forth in the taxing statute, which does not violate the Equal Protection Clause since it is reasonably related to the legislative scheme underlying rent regulation as well as the intent of the Reform Act. Petitioners have failed to show that the Legislature’s adoption of adjusted gross income lacks a rational basis. This court has considered petitioners’ remaining arguments and found them to be without merit.
Accordingly, the petition is denied and dismissed. Respondent’s cross motion to dismiss the petition and for a declaratory judgment that the Rent Regulation Reform Act of 1993 (L 1993, ch 253) is constitutional is granted.
It is ordered that the motion to dismiss the petition is granted and the petition is dismissed; and it is further adjudged that the Rent Regulation Reform Act of 1993 (L 1993, ch 253) is constitutional; and it is further ordered that the clerk is directed to enter judgment accordingly.