In the Matter of MARIANNE NESTOR et al., Appellants-Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent-Appellant, and THOMAS BRITT, Intervenor-Respondent. [683 NYS2d 74] —Amended order, Supreme Court, New York County (Colleen McMahon, J.), entered March 20, 1998, which, in a proceeding pursuant to CPLR article 78, dismissed the petition seeking to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR) dated July 1, 1997, which denied petitioners' application for high income rent deregula-

tion of an apartment in their townhouse, unanimously affirmed, without costs. Order, same court and Justice, entered March 20, 1998, which granted respondent tenant's motion to intervene, awarded him attorneys' fees and imposed sanctions on petitioners' counsel, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reducing the sanctions imposed against counsel for petitioners from $5,000 to $1,000 and from $1,000 to $250, respectively, and, except as so modified, affirmed, without costs.

Supreme Court properly dismissed the petition seeking to annul DHCR's denial of petitioners' application for high income rent deregulation. The Rent Regulation Reform Act of 1993 (L 1993, ch 253) and the Rent Stabilization Law (Administrative Code of City of NY § 26-501 *et seq.*) prohibit disclosure of any income other than the Federal adjusted gross income of an occupant of an apartment, as reported on the New York State income tax return, in determining whether the housing accommodation qualifies for deregulation (*see, Matter of Leepson v Holland,* 171 Misc 2d 84, 85-86, *affd* 245 AD2d 176). Accordingly, DHCR appropriately declined to consider the income of the intervenor's corporation, in addition to his own income, in determining whether the apartment qualified for deregulation. Because the agency's determination had a rational basis and was not arbitrary and capricious, the petition must be dismissed (CPLR 7803 [3]; *see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

It should be observed that the terms of the law are unambiguous. It is the function of the court to enforce a statute in a manner that is consistent with legislative intent and, where that intent is clear upon its face, the court will not expand the scope of the legislation by judicial construction (*Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 675-676; *Matter of Brusco v Braun,* 199 AD2d 27, *affd* 84 NY2d 674; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 76). While the criterion of household income does not take into account all income that might be imputed to the tenant, it has the advantage of affording a simple and consistent methodology. It is for the Legislature to decide whether public policy is better served by ease of administration or precision of measurement, and the courts will not intrude upon the legislative prerogative.

Under the circumstances, Supreme Court did not exercise its discretion improvidently when it permitted the tenant to intervene (*see,* CPLR 7802 [d]). Nor did the court act improvidently when, pursuant to the same rule, it ordered petitioners

to pay all costs incurred in bringing the motion to intervene (*see, Stockler & Co. v Heller*, 189 AD2d 601, *lv denied* 81 NY2d 936). However, while the imposition of sanctions pursuant to 22 NYCRR 130-1.1 is a matter entrusted to the sound discretion of the IAS Court in the first instance (*see, Odette Realty Co. v DiBianco*, 170 AD2d 299), we find the sanctions imposed against counsel to be excessive and reduce them accordingly. Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.