OPINION OF THE COURT
 

 Ciparick, J.
 

 This dispute centers on a rent-stabilized apartment located in a cooperative building on 84th Street and Park Avenue in Manhattan. Petitioner Classic Realty is agent for the owner of the shares of the subject apartment. The tenant occupies the 10-room, three-bathroom apartment with her husband and son. It is undisputed that the monthly rent-stabilized rent is currently $3,949.73.
 
 *
 

 On April 14, 1998, Classic served tenant with an income certification form pursuant to the Rent Stabilization Law. On May 11, 1998, tenant certified on the form that the family’s income was $175,000 or less in either of the two preceding years—1996 and 1997. Tenant noted that while the 1996 tax return was on file, the 1997 return had not yet been filed and was “on extension.” Thereafter, on June 4, 1998, Classic contested tenant’s income certification and filed a petition for high-income deregulation with the Division of Housing and Community Renewal (DHCR). Classic contested the amount of income certified by the tenant and requested that DHCR obtain a verification of income by the Department of Taxation and Finance (DTF).
 

 DTF reported that the household income was over $175,000 for both 1996 and 1997. As a result, on February 18, 1999, DHCR issued a notice of proposed deregulation and afforded each party the opportunity to comment on the results of the verification. Classic responded on February 23, 1999 and asked that DHCR issue a deregulation order at the expiration of the comment period. The tenant responded on March 17, 1999, stating the tax returns would verify that the total annual income for the household was not in excess of $175,000 in 1996 and 1997. The following day the tenant submitted a supplemental
 
 *145
 
 answer “to clarify that the [tax] return on file is an amended return.”
 

 DHCR then asked that DTF verify the household income a second time. The results of the second verification indicated that the household income was below the $175,000 limit in one or both of the subject years. On July 8, 1999, DHCR notified the parties of DTF’s finding and again offered them the opportunity to comment. Classic again responded, challenging whether DHCR had statutory authority to reverify income and requesting a hearing to explore the circumstances of the amended return as well as any possible income shifting in prior years. On September 23, 1999, the DHCR Rent Administrator issued an order denying Classic’s request for a hearing and its petition for luxury deregulation. Thereafter, Classic filed a petition for administrative review of the Rent Administrator’s order, which DHCR denied.
 

 Classic then commenced this CPLR article 78 proceeding to annul the DHCR order. Supreme Court denied the petition and dismissed the proceeding. The Appellate Division affirmed, concluding that the Rent Administrator had discretion to reverify the household income after receiving notice of the amended return. Two Justices dissented, finding it arbitrary and capricious for DHCR to deny the petition for luxury deregulation solely on the basis of the amended return, without further inquiry. We now reverse.
 

 Discussion
 

 The Rent Stabilization Law sets forth the procedure for luxury deregulation
 
 (see
 
 Rent Stabilization Law [Administrative Code of City of NY] § 26-504.3). Rent-stabilized apartments that have a legal regulated rent of at least $2,000 per month are eligible for deregulation if the occupants’ combined statutory threshold income exceeds $175,000 for each of the two years preceding an owner’s petition
 
 (see
 
 Rent Stabilization Law [Administrative Code of City of NY] § 26-504.1). The owner of an eligible apartment may furnish the tenant with an income certification form and the tenant must certify whether the combined household income was above $175,000 for each of the two previous years
 
 (see
 
 Administrative Code § 26-504.3 [b]).
 

 If the tenant certifies that the income was below the threshold amount and the owner contests such certification, the owner may ask DHCR to verify the household income
 
 (see
 
 Administrative Code § 26-504.3 [c] [1]). DHCR must then request the nec
 
 *146
 
 essary information from the tenant to allow DTE to verify the household, income
 
 {see
 
 Administrative Code § 26-504.3 [c] [1]). DTE is only authorized to determine whether or not the income is within the statutory threshold
 
 {see
 
 Administrative Code § 26-504.3 [c] [1]; Tax Law § 171-b [3] [a], [b]). In the event DTE determines the income surpasses $175,000 for each of the two previous years, DHCR must notify the parties and allow them 30 days to comment on the results
 
 {see
 
 Administrative Code § 26-504.3 [c] [2]). Thereafter, “[w]ithin forty-five days after the expiration of the comment period, the division shall, where appropriate, issue an order providing that such housing accommodation shall not be subject to the provisions of this law upon the expiration of the existing lease” (Administrative Code § 26-504.3 [c] [2]).
 

 Our review of an administrative agency’s action is limited to “whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3];
 
 see also Matter of Gilman v New York State Div. of Hous. & Community Renewal,
 
 99 NY2d 144, 149 [2002];
 
 Matter of Nehorayoff v Mills,
 
 95 NY2d 671, 675 [2001]). We conclude that it was arbitrary and capricious for DHCR to deny deregulation under the circumstances presented, and furthermore, the determination was affected by an error of law. Here, tenant filed an amended tax return after DTE verified that the tenant’s income exceeded $175,000. The tenant never challenged the accuracy or validity of the original verification that had been submitted, which reflected that the income was over $175,000 for the subject years. Rather, tenant utilized the statutory comment period to bring the amended return to DHCR’s attention. Tenant simply noted that an amended tax return would support her assertion that the apartment was not eligible for deregulation. She did not provide an explanation as to why an amended return had been filed or how the amended return differed from the return on file at the time of DTF’s original verification. Tenant’s answer essentially amounted to a request for a “do-over,” rather than a comment on DHCR’s proposed order.
 

 DHCR’s ruling cannot stand as it invites abuse of the luxury decontrol procedures which contemplate a single verification, the result of which is binding on all parties unless it can be shown that DTE made an error. No such showing is present here, and deregulation is therefore required. As the Appellate Division dissent observed, DHCR’s “blind acceptance” of the
 
 *147
 
 amended return was irrational (309 AD2d 205, 214 [2003]). We agree and conclude that the order denying the owner’s petition to annul the determination was both arbitrary and capricious and affected by an error of law.
 

 Like the Appellate Division, we recognize that there may exist legitimate reason to amend a given tax return. We also appreciate that the practice allowed below could cause delay in the administration of DHCR luxury decontrol proceedings, and at worst permit a tenant seeking to avoid deregulation to manipulate the timing and filing of tax returns or shift income to earlier years not under consideration. An aggrieved tenant will always have a remedy. Such tenant will have the comment period to contest a proposed order. If still aggrieved, administrative review procedures are available and ultimately an article 78 proceeding.
 

 In light of this disposition, it is not necessary to address Classic’s remaining contentions.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court with instructions to remand to the New York State Division of Housing and Community Renewal for an order of deregulation and further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges G.B. Smith, Rosenblatt, Graffeo, Read and R.S. Smith concur.
 

 Order reversed, etc.
 

 *
 

 At the time the petition was brought, the monthly rent was $3,726.16. Petitioner’s reply brief requests that we take judicial notice that the apartment has a fair market rental value of $11,500 per month, and a fair market sales value of $7.35 million. This has not been contested by respondent.