OPINION OF THE COURT
Tom, J.E
Defendants, Lester Cohen and Carol Cohen, have resided in apartment 6F, a rent-stabilized apartment, at 737 Park Avenue in Manhattan since April 1989. Plaintiff, Katz 737 Corp., owns and manages the building. The Cohens’ current rent is $3,060 per month. Lester Cohen, who is over 80 years old, is unemployed and has a medically determined heart condition. Carol Cohen was, until 2010, a real estate broker employed by nonparty Corcoran Group as a senior vice-president. Carol alleged that she worked with “a group” of brokers at Corcoran Group and that she only earned a small portion of the real estate commissions that were split among the brokers in the group, at her superiors’ discretion, after the deduction of expenses including advertising, transportation, and overhead, and office staff salaries.
From 2004 through 2008, Katz annually filed petitions with the Division of Housing and Community Renewal (DHCR) challenging the Cohens’ qualification for rent-regulated status pursuant to the luxury deregulation law. DHCR denied each of Katz’s petitions.
The luxury deregulation law provides for deregulation, by DHCR, of apartments with rents in excess of $2,000 per month where the occupants earn more than $175,000 per year for two consecutive years, as measured by the federal adjusted gross income reported on their New York State income tax return (Rent Stabilization Law of 1969 [Administrative Code of City of *147 NY] § 26-504.3).* The denial of a petition to deregulate an apartment only applies to that year’s income review, and each annual lease cycle thereafter is evaluated separately.
Katz did not file for deregulation of the Cohens’ apartment in either 2009 or 2010. However, in December 2010, rather than file a petition seeking deregulation of the apartment, Katz commenced this action in Supreme Court asserting three causes of action against the Cohens, namely: (1) for fraud, (2) for a judgment declaring that in the years for which DHCR denied luxury deregulation, the Cohens had annual income that exceeded $175,000, warranting the deregulation of the apartment, and (3) for indemnification of Katz for monies it allegedly paid to the Cohens’ downstairs neighbor for damages asserted to have been caused by an unrepaired leak in the Cohens’ apartment. Katz contends that, in light of Carol Cohen’s brokers’ group’s sales, the Cohens’ earnings should have exceeded $175,000 from 2004 through 2008 and that they falsely represented their income for those years on their income verification forms.
In January 2011, the Cohens moved to dismiss the action pursuant to CPLR 3211 (a) (2) (lack of subject matter jurisdiction), 3211 (a) (7) (failure to state a cause of action) and 3211 (a) (10) (failure to join a necessary party). They also sought sanctions for frivolous conduct, attorneys’ fees and costs. The Cohens argued that the complaint’s allegations were baseless, conclusory and speculative and that Katz’s continual harassment since 2004 concerning their annual earnings had been an apparent effort to obtain market level rent or, alternatively, to force them to abandon the apartment to permit a condominium conversion.
Katz opposed the motion, arguing that it had incurred losses due to the Cohens’ submission of fraudulent earning statements and that the Supreme Court was the only court that could award it damages for those losses. Katz argued that since DHCR had no statutory authority to “look behind” the Cohens’ filed state tax returns, the instant action was required to enable Katz to obtain the discovery to find the truth regarding the Cohens’ actual income. Katz noted that the Cohens, in support of their motion, did not submit an affidavit based on personal knowledge. Katz further argued that it had conducted an investigation and learned that Carol Cohen was a highly successful bro *148 ker whose group sold “hundreds of millions of dollars of New York real estate.” It argued that in light of those sales Carol should have had annual earnings of more than $175,000, and that the sales information alone supported the instant pleadings and warranted discovery on the income issue. Katz stated that it had previously requested financial documentation from the Cohens, including tax returns, W-2s, pay stubs, and possible S corporation filings, but the Cohens declined to disclose such information. Katz suggested that the Cohens may be hiding income “through a corporate entity.” It argued that absent the instant plenary action, it would have no way of obtaining the necessary discovery to establish that the Cohens’ income exceeded the annual threshold deregulation amount of $175,000.
The motion court granted the Cohens’ motion to dismiss, finding that the complaint was “completely baseless” and failed to state a cause of action. The court noted that DHCR had already ruled on Katz’s attempts to deregulate the unit and had denied the requested relief, and stated that the action would not be used to “circumvent the authority of the DHCR.”
On appeal, Katz has abandoned its second cause of action for declaratory judgment and its third cause of action seeking indemnification for certain repair costs. Thus, the only question before this Court is whether Katz should be permitted to proceed on its first cause of action sounding in fraud.
This action is no more than an attempt to launch a belated collateral attack against determinations that are subject to the rule of administrative finality and by which Katz is bound. The question whether the subject dwelling unit continues to be subject to rent regulation has been contested before an administrative agency and decided adversely to Katz. It is uncontroverted that DHCR issued determinations for the years 2004 through 2008 denying Katz’s petitions for deregulation and that Katz never sought administrative or judicial review of these determinations. Administrative determinations are binding on the parties and the courts until either vacated by the issuing agency or set aside upon judicial review (see e.g. 520 E. 81st St. Assoc. v Lenox Hill Hosp., 38 NY2d 525 [1976] [once a court decides that the Rent Stabilization Law is applicable, issues arising thereunder must be administratively determined until such remedy is exhausted]; Ament v Cohen, 16 AD2d 824 [2d Dept 1962] [Rent Administrator’s order setting rent is conclusive and not subject to collateral attack]; Parisi v Hines, 131 Misc 2d 582, 584 [Civ Ct, NY County 1986], affd for reasons *149 stated below 134 Misc 2d 20 [App Term, 1st Dept 1986] [court bound by DHCR order, which is subject only to CPLR article 78 review]). Having been afforded due process and received a final determination, Katz may not relitigate the question of the regulatory status of the unit.
The present plenary action alleging that the Cohens fraudulently underreported their income for the years in issue to avoid luxury deregulation of their dwelling unit is merely an attempt to relitigate issues administratively determined and to circumvent the jurisdiction of DHCR to decide such matters. The law vests exclusive original jurisdiction in DHCR to determine whether a rent-stabilized tenant’s household income exceeds the threshold for deregulation (Administrative Code § 26-504.3 [b], [c] [2]).
While the luxury deregulation provision does not expressly say that DHCR alone is to decide such issues, the intent of the legislature that luxury deregulation matters be decided by DHCR in the first instance can be reasonably inferred from the detailed language in section 26-504.3 as well as the statutory scheme, which explicitly provides for DHCR to hear and resolve luxury deregulation issues. As noted by the Court of Appeals in Sohn v Calderon (78 NY2d 755, 767 [1991]):
“[T]he constitutionally protected jurisdiction of the Supreme Court does not prohibit the Legislature from conferring exclusive original jurisdiction upon an agency in connection with the administration of a statutory regulatory program. In situations where the Legislature has made that choice, the Supreme Court’s power is limited to article 78 review, except where the applicability or constitutionality of the regulatory statute, or other like questions, are in issue.”
The comprehensive procedure for luxury deregulation set forth in the Rent Stabilization Law confers authority on DHCR to oversee and enforce the prescribed rules and regulations. Significantly, the provision speaks only of petitioning DHCR, not the courts, to deregulate an apartment due to the high income of its occupants (Administrative Code § 26-504.3; also see Matter of Classic Realty v New York State Div. of Hous. & Community Renewal, 2 NY3d 142 [2004] [discussing comprehensive luxury deregulation statute in article 78 proceeding]; Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359 [1999] [same]).
*150 Even assuming, arguendo, that the legislature did not place exclusive original subject matter jurisdiction in DHCR to decide luxury deregulation matters, it is reasonably inferred from the applicable provisions of the Rent Stabilization Law that the doctrine of primary jurisdiction enjoins courts sharing “concurrent jurisdiction to refrain from adjudicating disputes within an administrative agency’s authority, particularly where the agency’s specialized experience and technical expertise is involved” (Sohn, 78 NY2d at 768, citing Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 22 [1982]).
As a policy matter, allowing plenary actions to be used as a vehicle for achieving luxury deregulation would circumvent the legislative intent that these matters be summarily and uniformly decided by DHCR, based on federal tax return information. Permitting the use of plenary actions for this purpose would invite harassment of tenants by landlords, unduly burden the courts, and pit typically deep-pocketed, resourceful owners against less financially secure tenants in costly, prolonged and at times speculative litigation. To permit Katz’s common-law claim to proceed would establish an untenable precedent affording a ready means to relitigate DHCR’s final determination of high income deregulation applications by the simple expedient of claiming fraud in reporting tenant income. This would effectively render the agency’s final determination without effect and inundate the courts with countless luxury deregulation cases.
As this Court observed in Matter of Nestor v New York State Div. of Hous. & Community Renewal (257 AD2d 395, 396 [1st Dept 1999], lv dismissed in part, denied in part 93 NY2d 982 [1999]), a court must enforce a statute consistent with the legislative intent expressed in the enactment — which, in this case, provides for a single expedient determination based on a household’s total adjusted gross income, as verified by the Department of Taxation and Finance (DTF); and while the criterion of household income might be less than comprehensive, “it has the advantage of affording a simple and consistent methodology” (id.). In accord with this view is Matter of Classic Realty (2 NY3d at 146), in which the Court of Appeals stated that “the luxury decontrol procedures . . . contemplate a single verification, the result of which is binding on all parties unless it can be shown that DTF made an error.” Indeed, any concerns of fraud, if adequately shown by the owner, may be referred by DHCR to DTF in accordance with the same luxury deregulation *151 provisions (Administrative Code § 26-504.3; see Matter of Power v New York State Div. of Hous. & Community Renewal, 61 AD3d 544, 544 [1st Dept 2009] [“DHCR has jurisdiction to adjudicate luxury deregulation petitions and to request that the Department of Taxation and Finance verify the total annual income”], lv denied 13 NY3d 716 [2010]).
Further, as noted in Sohn, the exclusivity of an agency’s jurisdiction may depend on the subject matter of the dispute. What is dispositive in the instant matter, however, is not only whether DHCR has exclusive original jurisdiction to issue a luxury decontrol order (which it does) but also that the agency has issued a final ruling that is both dispositive of the dispute between the parties and binding on them and on the courts. Having failed to pursue an administrative appeal before DHCR, Katz has failed to exhaust its administrative remedies and is precluded from seeking judicial review (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Nor is Katz relieved of the need to comply with the exhaustion rule by recasting its petition for review of the administrative determination as a tort action (see California Suites, Inc. v Russo Demolition Inc., 98 AD3d 144 [1st Dept 2012] [rejecting constitutional claim asserted to avoid administrative requirements]).
Moreover, the complaint fails to state a fraud claim with the requisite particularity (see CPLR 3016 [b]). Katz’s pleadings show that it placed no reliance upon the Cohens’ statements of income or upon DHCR’s findings on Katz’s earlier petitions seeking luxury deregulation. Katz’s non-reliance on the earlier DHCR determinations evidently spurred the instant plenary action to circumvent DHCR’s determination. Further, Katz’s fraud allegations are wholly speculative; there are no allegations offered from which it could reasonably be inferred that the Co-hens provided fraudulent income statements, and there are no non-conclusory allegations that they earned more than $175,000 in two consecutive years (see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 560 [2009]). The crux of Katz’s fraud argument, that the Cohens fraudulently hid their annual income in an S corporation that cannot be traced without proper discovery, is likewise without merit since that income cannot be considered for purposes of determining whether the Cohens met the $175,000 threshold to warrant luxury deregulation (see e.g. Matter of Nestor v New York State Div. of Hous. & Community Renewal, 257 AD2d 395, 396 [1999]). Thus, there is no basis upon which this action may be maintained.
*152 Accordingly, the order of the Supreme Court, New York County (Milton A. Tingling, J.), entered September 30, 2011, which granted defendants’ motion to dismiss the complaint, should be affirmed, with costs.

 For proceedings commenced on or after July 1, 2011, the deregulation income threshold is $200,000, and the deregulation rent threshold is $2,500 (Administrative Code § 26-504.3 [a] [2], [3]).