Matter of Lenox Hill Apts. Inc. v New York State Div. of Hous. & Community Renewal (2018 NY Slip Op 03763)





Matter of Lenox Hill Apts. Inc. v New York State Div. of Hous. & Community Renewal


2018 NY Slip Op 03763


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6679 102049/16

[*1]In re Lenox Hill Apartments Inc., Petitioner-Respondent,
v
New York State Division of Housing and Community Renewal, Respondent-Appellant.


Mark F. Palomino, New York (Sandra A. Joseph of counsel), for appellant.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 28, 2017, upon the petition brought pursuant to CPLR article 78, directing respondent (DHCR) to issue a final order of deregulation of an apartment, unanimously affirmed, without costs.
On May 15, 2015, petitioner filed a Petition by Owner for High Income Rent Deregulation (OPD) with DHCR. The OPD indicated that the legal rent for the apartment and the tenants' total annual income exceeded the deregulation threshold, as the tenants certified on an Income Certification Form (ICF) (see Administrative Code of City of NY §§ 26-504.3[a][2], [3]). By the mandatory and explicit language of Administrative Code § 26-504.3(b), DHCR was required to issue an order of deregulation within 30 days after the filing of the OPD (see Matter of Classic Realty LLC v New York State Div. of Hous. & Community Renewal, 2 NY3d 142, 146 [2004]; Pledge v New York State Div. of Hous. & Community Renewal, 257 AD2d 391, 394 [1st Dept 1999], affd 94 NY2d 851 [1999]). It failed to do so, and, on December 20, 2016, more than a year and a half later, petitioner commenced this proceeding to compel DHCR to issue an order of deregulation.
DHCR's reliance on Administrative Code § 26-504.3(c) is misplaced, because the tenants timely certified their income and petitioner did not challenge the certification. DHCR's reliance on Classic Residences v New York State Div. of Hous. & Community Renewal (212 AD2d 418 [1st Dept 1995]) is misplaced, because it was DHCR's unexplained notice of confirmation that prompted the tenants to change their certified income, as reflected in an amended ICF filed May 26, 2016, more than a year after petitioner's filing of the OPD.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK