Matter of 2010 Powell, LLC v New York State Div. of Hous. & Community Renewal (2023 NY Slip Op 01043)

Matter of 2010 Powell, LLC v New York State Div. of Hous. & Community Renewal

2023 NY Slip Op 01043

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 802395/21E Appeal No. 17263 Case No. 2022-00302 

[*1]In the Matter of 2010 Powell, LLC, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, Respondent-Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Nativ Winiarsky of counsel), for appellant.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Anita Shia of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about December 13, 2021, which denied the petition to annul a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated December 30, 2020, denying petitioner's application to vacate the rent reduction previously granted to its tenant, and dismissed the proceeding brought pursuant to CPLR Article 78, unanimously affirmed, without costs. Respondent's rent reduction determination based on an inspection showing that petitioner failed to provide laundry services and storage room services as required was not arbitrary and capricious (see CPLR 7803[3]; Matter of Classic Realty v New York State Div. of Hous. & Community Renewal, 2 NY3d 142, 146 [2004]). Petitioner submitted no evidence prior to the rent reduction order, or at any time thereafter, that the services met the requirements to be considered de minimis (see Rent Stabilization Code [9 NYCRR] §§ 2523.4[e][21], [f]; 2529.6).
The complaining tenant's failure to attach a supplemental Form RA-84.2 specifying the date of any change in services to her rent reduction application does not entitle petitioner to a presumption that the change was de minimis. Respondent "may . . . reject [an] application or complaint if it is insufficient or defective" (9 NYCRR § 2527.5[a]). Here, respondent acted within its discretion when it accepted the complaining tenant's complaint without the supplemental Form RA-84.2.
Petitioner failed to cite any authority requiring DHCR to dismiss the rent reduction application based on the undisputed facts presented here: the complaining tenant had standing at the time she filed the complaint, she subsequently vacated the apartment, and the owner then filed a petition for administrative review (PAR). The DHCR cases upon which petitioner relies are inapposite and were not raised below. In both Matter of Zuschin (DHCR Admin. Rev. Docket No. CW 210011 RT [Feb. 27, 2015]) and Matter of Waheed (DHCR Admin. Rev. Docket No. XF 110061 RT [Dec. 4, 2009]), the tenants filed a complaint with DHCR and vacated by the time the tenants, not the landlord as in this case, filed a PAR, thereby losing standing. Here, it is undisputed that petitioner, not the tenant, filed the PAR and had standing to litigate the PAR to finality. Unlike Matter of 234 Management, LLC (DHCR Admin. Rev. Docket No. BW 210011 RO [Dec. 31, 2014]), where the tenant vacated prior to filing a complaint with DHCR and therefore lacked standing from the onset, here, the complaining tenant's standing when she filed her complaint is not in dispute. In Matter of Aurelien (DHCR Admin. Rev. Docket No. GM 810007 RT [Jan. 17, 2019]), DHCR remanded the petition after a review of the record indicated that papers were sent to the wrong address, which precluded a conclusive determination that the tenant vacated. Such an issue is not present in this case.
We have considered petitioner's remaining arguments and find them unavailing [*2]or unpreserved. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023