■ In the Matter of GIFFUNI BROS., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [742 NYS2d 205] —Order and judgment (one paper), Supreme Court, New York County (Michael Stallman, J.), entered January 5, 2001, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated May 19, 2000, denying petitioner's petition for administrative review

and affirming the denial of petitioner's application for income deregulation of the subject apartment, unanimously affirmed, without costs.

The Rent Regulation Reform Act of 1993 ([Reform Act] L 1993, ch 253) provides for deregulation of rent stabilized apartments having monthly rents over $2,000 when the tenant's income exceeds a threshold level of $175,000 per annum in each of the two years preceding a landlord's petition for deregulation (*see*, Administrative Code of City of NY § 26-504.3). In accordance with the Reform Act, DHCR sent the tenants of the rent stabilized apartment here at issue an income certification form. The tenants provided the requested documentation to DHCR. DHCR, following statutory procedure, then sent that information to the New York State Department of Taxation and Finance (DTF) for income verification. Pursuant to the Reform Act as well as the New York State Tax Law, DTF may provide DHCR only a "Yes" or "No" answer to the question whether tenant income exceeds the $175,000 threshold in two consecutive years (*see*, Administrative Code § 26-504.3; Tax Law § 171-b), and after searching its records and finding responsive records as to both of the years in issue, 1996 and 1997, DTF advised DHCR that the income of the subject tenants had not exceeded the $175,000 threshold in one or both of those years. Relying on this information, DHCR's Rent Administrator denied petitioner's deregulation petition. Petitioner's petition for administrative review was thereafter denied on the ground that the Rent Administrator's denial was supported by the record.

Petitioner, in seeking to annul the adverse administrative determination, contends that DTF's response respecting the tenants' 1997 income was not premised upon the tenants' income tax return for that year, but rather upon their application for an extension to file their tax return, and thus that it was not based upon verification of the tenants' actual 1997 income. Petitioner contends further that DHCR should have obtained tenants' actual income tax returns for 1996 and 1997 before it issued its denial.

As noted, however, the Reform Act as well as the New York State Tax Law limit the income information to which the DHCR is entitled. It would not be consistent with these statutory provisions to permit DHCR to request an actual tax return from a tenant. In any event, there is nothing in the record to indicate that DTF's information respecting the tenants' 1997 income was premised on anything other than a tax return.

Based upon the foregoing, it is plain that DHCR's denial of

the petition for administrative review was supported by the record, and as such, was not arbitrary, capricious or contrary to law (*see*, *Matter of Nestor v New York State Div. of Hous. & Community Renewal*, 257 AD2d 395, *lv dismissed in part and denied in part* 93 NY2d 982).

We have reviewed petitioner's remaining argument and find it unavailing. Concur—Buckley, J.P., Rosenberger, Ellerin and Rubin, JJ.