■ In the Matter of WEINREB MANAGEMENT, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ARNIE KOCH et al., Intervenors-Respondents. [746 NYS2d 153]

On March 30, 1984, the tenants filed a fair market rent appeal and a rent overcharge complaint with respondent DHCR which was dismissed on March 9, 1988. The tenants then filed an administrative appeal resulting in respondent DHCR's order issued January 11, 1996, which granted the tenants' petition in part by recomputing the legal regulated rent for their apartment and determining that the owner collected overcharges of $3,231.58. No notice was given to petitioner-landlord.

The tenants then brought a CPLR article 78 proceeding seeking review of the Commissioner's order and DHCR cross-moved to remit the proceeding back to it for further investigation of the tenants' right to challenge the initial rent. By order entered June 13, 1996, the matter was remitted to DHCR, which was ordered to render a decision within 90 days. On August 9, 1996, the Commissioner issued an order remanding the proceeding to a Rent Administrator to process the fair market rent appeal.

In September 1996, the tenants moved before Justice Tolub for an order relieving DHCR of its duty of determining its claims based on DHCR's failure to comply with the court's 90-day timetable.

While that motion was pending, on or about March 5, 1997, the Rent Administrator issued an "Order and Determination Establishing the Initial Legal Regulated Rent." In that order the Rent Administrator found that: (a) the initial rent was lawful; and (b) the landlord had collected overcharges on subsequent leases in the amount of $6,553.33.

In response to that order of the Rent Administrator, the tenants applied to the IAS court to modify the order. DHCR opposed that application on the grounds, inter alia, that the tenants had not exhausted their administrative remedies.

On or about March 12, 1997, the IAS court referred the matter to a special referee to report and recommend as to whether the Rent Administrator's March 5, 1997 order was correct.

However, petitioner-landlord was never made a party to the original article 78 proceeding which resulted in the court confirming the referee's report, which found that the actual overcharges were $20,738.80, and remanding the matter to respondent DHCR for determination of the tenants' claim for treble damages based on the landlord's willfulness. Upon remand, DHCR, in a letter dated October 5, 1999, first gave notice to petitioner-landlord when it requested it "to submit written comments on the issue of treble damages." In its determination issued June 29, 2000, DHCR determined that petitioner had failed to demonstrate that the overcharge was not willful and, awarding treble damages where applicable, found the total overcharge to be refunded to the tenants to be $51,749.24 plus $8,189.18 in interest on the tenants' security deposit.

Petitioner-landlord then brought this article 78 proceeding on the ground, inter alia, that DHCR's imposition of an overcharge is based upon the referee's findings in the prior article 78 proceeding of which it had no notice or opportunity to be heard.

While we agree with the IAS court that these elderly tenants deserve an expeditious resolution of this now 18-year-old matter, the petition should nevertheless have been granted, DHCR's determination vacated and the matter remanded to that agency for a prompt de novo determination of the tenants' rent overcharge complaint.

The inordinate delay and what the IAS court characterized as the futility of further review by DHCR does not excuse the fact that petitioner-landlord was not given proper notice of its tenants' complaint and an opportunity to be heard until the IAS court, in its order entered September 25, 1998, remanded the matter to DHCR for a hearing on the issue of treble damages and directed DHCR to give notice to petitioner. Moreover, DHCR acknowledges that the prior article 78 proceeding, which resulted in the confirmation of the referee's report finding $20,738.80 in overcharges and the remand to DHCR for determination of the treble damages issue, was taken from a nonfinal determination by DHCR. Absent a final administrative determination, such article 78 proceeding did not lie (*see, Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal*, 130 AD2d 237, 245). Thus, despite DHCR's inordinate delay and what the IAS court described as its cavalier conduct, the court's well-intentioned rationale for avoiding a further remand to the agency and having the issue of the amount of the rent overcharge decided by the court was improper. Concur—Andrias, J.P., Buckley, Rosenberger, Wallach and Gonzalez, JJ.