In the Matter of BROADWAY 95TH STREET, LLC, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [747 NYS2d 226]

In connection with petitioner's 1999 high income deregulation application, respondent ascertained from the Department of Taxation and Finance, inter alia, that the income of the tenants of the subject apartment did not exceed the $175,000 deregulation threshold in 1998. Based on this information, the 1999 deregulation application was denied, since high income deregulation is conditioned on tenant income exceeding the deregulation threshold in each of the two calendar years preceding the deregulation application. In 2000, petitioner again applied to deregulate the subject apartment, which was still tenanted by the same parties. This latter application was denied by respondent based upon the above described information obtained in connection with the petitioner's 1999 deregulation application, namely, that in 1998, one of the two years placed at issue by the 2000 deregulation application, the tenants' income had not exceeded the deregulation threshold. Contrary to petitioner's argument, respondent, having verified the subject tenants' 1998 income during the 1999 deregulation proceeding, was not required to verify it again in connection with the 2000 deregulation application here at issue. The applicable statute does not require reverification of previously verified income, nor does it prohibit respondent from using a previously verified income as the basis for a subsequent income deregulation determination (*see* Administrative Code of City of NY § 26-504.3). Absent such a requirement or prohibition, respondent was entitled to interpret the statute it administers as it did (*see Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213), to permit its reliance on previously verified income in high income deregulation proceedings. Indeed, requiring reverification of previously verified income would be manifestly wasteful, particularly where, as here, no nonspeculative grounds have been advanced to indicate that the tenant income at issue, although verified by the State Department of Taxation and

Finance, was nonetheless understated (*see Matter of Giffuni Bros. v New York State Div. of Hous. & Community Renewal,* 293 AD2d 402). Concur—Nardelli, J.P., Saxe, Ellerin, Rubin and Friedman, JJ.