In the Matter of JOYCE KOPLOS, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [748 NYS2d 862] —Judgment, Supreme Court, New York County (Michael Stallman, J.), entered February 6, 2001, which denied petitioner tenant's application to compel respondent Division of Housing and Community Renewal (DHCR) to correct its records of the subject rent-controlled apartment's rent history so as to reflect its 1997 order revoking its 1996 order restoring the landlord's right to collect rent increases, and to compel respondent Department for the Aging to recalculate petitioner's senior citizen rent increase exemption accordingly, and dismissed the petition, unanimously affirmed, without costs.

DHCR's 1997 revocation order did not, as petitioner claims, have the effect of clearing DHCR's records of prior rent increase orders that petitioner's landlord would have been entitled to collect but for outstanding rent-impairing violations. Rather, to invalidate the rent increase orders, petitioner had to exhaust her administrative remedies by filing Petitions for Administrative Review, and her failure to do so requires dismissal of the

proceeding as against DHCR (*see Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal*, 297 AD2d 221, 223). The determination of the amount of the senior citizen exemption by the Department for the Aging was rationally based on DHCR's records, and, accordingly, the proceeding was properly dismissed as against it as well (*cf. Matter of Giffuni Bros. v New York State Div. of Hous. & Community Renewal*, 293 AD2d 402). We have considered petitioner's other claims and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.