Matter of Siegel v New York State Div. of Hous. & Community Renewal (2019 NY Slip Op 04326)





Matter of Siegel v New York State Div. of Hous. & Community Renewal


2019 NY Slip Op 04326


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9517 156193/18

[*1]In re Paul Siegel, Petitioner-Appellant,
v
New York State Division of Housing & Community Renewal, et al., Respondents-Respondents.


Zingman & Associates PLLC, New York (Cheryl R. Ginsburg of counsel), for appellant.
Mark F. Palomino, New York (Aida P. Reyes of counsel), for New York State Division of Housing & Community Renewal, respondent.
Himmelstein, McConnell, Gribben, Donoghue & Joseph LLP, New York (David Hershey-Webb of counsel), for Elizabeth Siracuse, respondent.



Order and judgment (one paper), Supreme Court, New York County (Debra A. James, J.), entered on or about August 30, 2018, which granted the petition brought pursuant to CPLR article 78 to the extent of annulling a determination of respondent New York State Division of Housing and Community Renewal (DHCR), dated November 4, 2013, finding that respondent Elizabeth Siracuse overpaid rent in a certain amount, and directing petitioner to refund or credit that amount to Siracuse, with treble damages plus interest, remanded the matter to DHCR for de novo review upon proper service of notice, and directed that petitioner be afforded the opportunity to answer and otherwise respond to the overcharge complaint dated March 20, 2011 within 60 days of such service, unanimously affirmed, without costs.
DHCR issued the November 2013 determination improperly assessing damages against petitioner, who had not received proper notice of a rent overcharge complaint filed in March 2011 by Siracuse, who subleased an apartment from petitioner. Under these circumstances, the court properly declined to dismiss the DHCR proceeding, and instead remanded the rent overcharge matter to DHCR for de novo review and ordered DHCR to provide petitioner with adequate notice and an opportunity to be heard (see Matter of Weinreb Mgt. v New York State Div. of Hous. & Community Renewal , 297 AD2d 221 [1st Dept 2002]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK