George M. Carney, J.
Pursuant to article 78 CPLR, petitioner seeks to annul a determination granting an increase in the legal maximum rent for reasons of hardship, contending that, in computing the income and operating expenses, respondent was arbitrary and capricious in fixing the allowance for janitorial services, fixing the rental value for a decontrolled apartment, and refusing to grant an allowance for attorney’s fees.
The respondent determined the right to the increase based upon the. income and expenses for a period called the “test year ”. Petitioner acquired title to the premises six weeks prior to the end of the test year. Two weeks prior to the expiration of the test year, the janitor received an increase for the services rendered by him from $31.29 to $50 per month. The petitioner contends and it is not disputed that the janitor demanded the increase and the same was paid and is being paid to him for these services. The respondent did not make any finding that the increased amount paid to the janitor was not fair and reasonable compensation for the services rendered. Respondent refused to consider the increased amount for janitorial services solely upon the grounds that the first date for the monthly payment to the janitor occurred after the expiration of the test year. However, the petitioner contracted for the increase during the test year and the services at the increase rate were rendered during the test year. In determining the petitioner’s application based upon financial hardship, it was arbitrary and capricious for respondent to ignore the increased cost in providing janitorial services.
The respondent refused to consider the sum of $34.45 as the rental value for apartment 2N and found that the lease for a 30-day term was too speculative to warrant the fixing of that amount as the appropriate rental value.
It was a valid exercise of respondent’s administrative duties to reject the lease as evidence of the current rental value of *282 the apartment and. it was proper for the respondent to fix the amount therefor. However, respondent’s determination found that $60 per month was the legal maximum rent in effect prior to decontrol.
The record before the respondent established that this apartment was owner-occupied from 1927 to 1965, when it was first rented as a decontrolled apartment. Under these circumstances, it was arbitrary, capricious and contrary to law for the respondent to find that $60 per month was the legal maximum rent prior to decontrol. In rejecting the lease for this apartment, it was incumbent upon the respondent, pursuant to section 33.5 (subd. e, par. [1]) of respondent’s regulations (Bent, Eviction and Behabilitation Begulations of City Bent and Behibilitation Administration) to fix the rental value for this apartment as “ the rent generally prevailing for substantially similar controlled housing accommodations ”, and this procedure was not followed by the respondent.
The respondent refused to alloAV the legal fee incurred in connection Avith the proceedings for a hardship increase solely upon the grounds that the application was not submitted within the test year. The respondent’s determination states that the expense for legal services may be considered in a future application.
However, under respondent’s regulations, section 33.5 (subd. e, par. [5]), the “ test year ” is considered as the most recent calendar year or any 12-month period not more than 90 days prior to the filing of an application for an increase. In view of the fact that the petitioner is limited to making one application every two years, it would appear that respondent’s determination effectively bars the petitioner from having legal fees considered as an expense allowance by the respondent even though respondent does not dispute petitioner’s right to list the same as part of the operating expenses. If expense for legal services was incurred during the test year being considered by the respondent, then petitioner was entitled to a reasonable allowance for the same. It was arbitrary and capricious for respondent to refuse to consider the same solely and only upon the grounds that the application was not submitted during the test year period, especially when the application could not have been submitted until after the close of the test year.
Accordingly the petition is granted, the respondent’s determination of April 21,1967 is annulled and this matter is remanded to respondent for further consideration not contrary to this determination,