## (March 11, 1969)

■ In the Matter of RUTH ROMANOW, Respondent, v. CITY RENT AND REHABILITATION ADMINISTRATION et al., Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered September 12, 1967 in New York County, which granted a motion by the landlord for an order in an article 78 proceeding granting various allowances denied by the Rent Administration in the landlord's request for a fair return rent increase.

*Per Curiam.* In the course of auditing petitioner-landlord's income and expenses in a "fair return" proceeding, the Rent Administrator disallowed, as an operating expense, the legal fee charged by the lawyer-husband of the landlord for the institution of this proceeding. This was done in accordance with the Administrator's standard practice of disallowing legal expenses

incurred in a pending application and permitting such expenses (averaged over a three-year period) to be included in future applications if the prior application resulted in rent increases and if the fees were paid in the last year of the current application or during the two years prior thereto. Such accounting procedures which protect tenants from bearing the burden of extraordinary expenses during a test period and professional fees incurred in unsuccessful proceedings have a rational basis and are not arbitrary, capricious or unreasonable. (See *Matter of Weiss* v. *Herman,* 216 N. Y. S. 2d 829, 834, affd. 16 A D 2d 432, revd. on other grounds 13 N Y 2d 678.) Accordingly, interference by Special Term was unwarranted.

The Administrator determined further that the rental value for apartment 2-N, in the subject building, was $60 a month. Special Term, once again disagreeing with the Administrator, held that it was contrary to law for him to so find because " it was incumbent upon the respondent, pursuant to section 33.5 (subd. e, par. [1]) of respondent's regulations (Rent, Eviction and Rehabilitation Regulations of City Rent and Rehabilitation Administration) to fix the rental value for this apartment as 'the rent generally prevailing for substantially *similar controlled* housing accommodations', and this procedure was not followed by the respondent." (55 Misc 2d 280, 282; emphasis added.)

The Administrator interprets section 33.5 (subd. e, par. [1]) as requiring that *controlled* rents be used only in determining the rental value of *controlled* apartments. He urges that where, as here, the rental value of a vacant *decontrolled* apartment is to be determined, the subject section requires comparison with substantially similar *decontrolled* apartments. This contradicts the clear language of the regulation. Generally the administrative agency's interpretation of its own regulation is to be afforded controlling weight (*Udall* v. *Tallman,* 380 U. S. 1, 16.) However, in the present case, we cannot determine from the record whether the interpretation now urged by the Administrator is in accordance with the agency's general practice or whether it is merely an afterthought which is being arbitrarily raised to meet only the present challenge. Since this matter is to be remanded in any event, we deem it advisable that the Administrator review *de novo* this aspect of the landlord's application. In doing this, and setting a rental value for apartment 2-N, the Administrator would be well advised to keep in mind the unique status of the apartment in question, namely: that it was never controlled, having been owner-occupied. No legal maximum rent was ever established for the apartment, and it was during the test year that the status of 2-N changed from nonregistered to decontrolled. If the interpretation of section 33.5 (subd. e, par. [1]) presently urged by the Administrator is proper, it would be incumbent upon him to establish the rental value of 2-N by comparison with similar housing accommodations.

The order appealed from, which awarded petitioner the relief sought in her article 78 application, should be modified on the law, without costs or disbursements and the matter remanded to the City Rent and Rehabilitation Administration for further consideration, in accordance herewith.

Capozzoli, J. P., McGivern, McNally and Steuer, JJ., concur.

Order and judgment entered on September 12, 1967, unanimously modified on the law, without costs and without disbursements, and the matter remanded to the City Rent and Rehabilitation Administration for further consideration, in accordance with the *Per Curiam* opinion herein.