Jacob Ark, J.
This is a motion by E. G. Snyder Co., Inc. (Snyder), plaintiff, for summary judgment in an action against R K & A Jones, Inc. (Jones), Ramada Development Corporation (Ramada), formerly Duracon Development Corporation (Duracon).
Duracon, now Ramada, entered into an agreement with Jones as general contractor for the construction of a motel in the Town of Gates, Monroe County, N. Y., and Jones subcontracted the plumbing, heating and air conditioning to Snyder. The project was completed. Snyder commenced this action for the sum of $15,241.39, the balance due on its subcontract, which is being held in escrow by the defendant Chicago Title Insurance Company which has been stipulated out of the action by the parties.
The property lies in the sewage and treatment district operated by the Gates-Chili-Ogden Sewer Agency (agency) which has submitted an invoice in the amount of $15,106 that represents the amount of the fee for connecting the motel into its sanitary sewer system. It is Ramada’s position that it is not liable for this obligation as its contract with Jones provides that the contractor was to "obtain and pay for all costs of meters, permits, fees, licenses, tests and inspections required in connection with the work”, and to "pay all taxes, assessments and premiums under the Federal, Social Security Act, any applicable Unemployment Insurance Law, Workmen’s Compensation Law, Old Age Benefits Law, Sales Tax Law, Use Tax Law, Personal Property Tax Law or other applicable law, now or hereafter in effect, payable by reasons of in connection with any part of [Jones’] work.”
Jones states that it was merely a conduit through which charges passed as the contract between Jones and Snyder provides that Snyder shall "furnish all necessary labor, material, equipment, permits, fee, taxes, etc., to fully complete all the heating, ventilating, air conditioning and plumbing installations”, and that Snyder "further specifically obligates himself to the Contractor in the following respects, to wit: (A) To obtain and pay for all permits, licenses and official inspections made necessary by his work”.
*643 The agency adopted a resolution fixing a connection fee for motel projects at $100 per room and a fee of $300 per unit for a restaurant, which is based on estimated water consumption for the first year of operation with adjustment being made after the actual water consumption is obtained. There is no dispute concerning the obligation of $15,241.39 to the agency. The only issue before the court is whether it is payable under the terms of the principal contract or the subcontract by Ramada, Jones or Snyder.
The plaintiff maintains that the connection fee is “the equivalent of a usage charge based upon benefit to the owner-user and is not a fee 'required in connection with the work’ within the meaning of the subcontract”. It is the position of Jones that if the charge is a tax or cost resulting from the work, it is the plaintiff’s obligation, and if the charge is a use charge, it is the responsibility of Ramada, and in any event, there is no responsibility on its part.
It is Ramada’s contention that under its agreement with Jones the fee was to be paid by the latter and that since it did not contract with the plaintiff, Snyder cannot recover against it either directly or through Jones.
The land on which the motel was constructed would have been useless for a motel purpose without the availability of the sewage system and it is beyond argument that it is a direct benefit to the property and gave it an immeasurably increased value.
The agency stated: "The above fee covers the new building’s share of the cost of the treatment plant, trunk sewers and engineering costs for the original installation in the district.” In Romanow v City Rent & Rehabilitation Admin. (31 AD2d 899-900), the court held: “Generally the administrative agency’s interpretation of its own regulation is to be afforded controlling weight (Udall v Tallman, 380 US 1, 16.)”
The facilities established by the agency are a solid improvement to the premises and vital for the purpose for which the property is used. It would be unreasonable to place this charge upon either the contractor or the subcontractor in light of the agreements entered into by the parties.
Plaintiff is entitled to judgment against Jones, and Jones is entitled to a judgment over against Ramada.