■ In the Matter of GLENWOOD MANAGEMENT CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—Order and judgment (one paper), Supreme Court, New York County (Harold Baer, Jr., J.), entered July 18, 1991, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination finding that petitioner had collected a rent overcharge, and dismissed the petition, unanimously affirmed, without costs.

Petitioner, the owner of an apartment building at 1520 York Avenue in Manhattan, challenged the Division of Housing and Community Renewal's finding that petitioner had collected a rent overcharge from a tenant. Specifically, petitioner argued that it was entitled to a tenth rent increase it imposed under the pre-amended version of Department of Housing Preservation and Development Regulations § 4.2, which relates to a tax exemption program.

Respondent's administrative order is a reasonable interpretation of section 4.2 of the Regulations of the City Department of Housing Preservation and Development, and should there-

fore be confirmed *(see, Matter of Plaza Mgt. Co. v City Rent Agency,* 48 AD2d 129, *affd* 37 NY2d 837). The rule links the 2.2% annual rate increases to "the gradual diminution of tax exemption" set forth in section 6.3 of the Regulations and states that a 2.2% rate increase may be added "on the anniversary date of the first lease for the unit". As the IAS court noted, the normal expectation would be for leases to be issued upon completion of construction, when section 6.3 becomes applicable. The 2.2% increases could then be taken, but not before the first anniversary date of the issuance of a lease. Thus, during the ten-year period of partial tax exemption, there could be only nine, not ten, occasions on which to impose an increase. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Rubin, JJ.