■ In the Matter of A.J. CLARKE REAL ESTATE CORP., as Managing Agent for KATZ 737 CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Re-

spondent, and JAY SHAPIRO et al., Intervenors-Respondents. [763 NYS2d 577] —Order and judgment, Supreme Court, New York County (William Wetzel, J.), entered on or about October 11, 2002, which denied petitioner landlord's application to annul respondent Division of Housing and Community Renewal's (DHCR) determination denying the landlord's application to deregulate the subject apartment under the luxury decontrol law, and dismissed the petition, unanimously affirmed, without costs.

The landlord served an income certification form (ICF) in March 2000, shortly after it was advised by the tenants of record, respondent parents, that they would be vacating the subject apartment by December 31, 1999 and that their daughter, also a respondent herein, would be continuing her occupancy and succeeding to their rights under the Rent Stabilization Law. DHCR denied luxury deregulation upon findings that the daughter was the only permanent occupant of the apartment at the time the ICF was served, and that her income was less than $175,000 in 1998 and 1999. The landlord argues that DHCR was required to include the parents' income in determining the $175,000 limit on household income since they resided in the apartment for all of 1998 and 1999, the two tax years relevant to the proceeding, never surrendered the lease and remained the tenants of record. DHCR disagreed, ruling that only the incomes of actual occupants of an apartment are to be included in household income, and that, in accordance with its Operational Bulletin 95-3, the relevant date for determining occupancy is service of the ICF.

DHCR's ruling correctly reflects a statute that speaks in the present tense about the persons whose incomes are to be considered. Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-504.3 (a) defines "total annual income" as "the sum of the annual incomes of all persons whose names are recited as the tenant or co-tenant on a lease *who occupy the housing accommodation* and all other persons that occupy the housing accommodation as their primary residence on other than a temporary basis" (emphasis added). Rent Stabilization Law § 26-504.3 (b) provides that the landlord "may provide the tenant or tenants residing [in a housing accommodation] with an income certification form * * * on which such tenant or tenants shall identify all persons referred to in subdivision (a) of this section," with certain exceptions not here relevant. As DHCR argues, if the Legislature had intended inclusion of the incomes of all persons named on the lease, or all persons in occupancy of the apartment at a specified time prior to service of

the ICF, it would have said so. We have considered the landlord's other arguments and find them unavailing. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.