In the Matter of EDWARD BIANCHI et al., Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, and MAYFAIR YORK, LLC, et al., Intervenors-Appellants. [774 NYS2d 127]—

Order and judgment (one paper), Supreme Court, New York County (Ronald Zweibel, J.), entered on or about February 13, 2003, which granted tenants' petition pursuant to CPLR article 78, annulled respondent Division of Housing and Community Renewal's (DHCR) determination, dated September 12, 2001, deregulating the two apartments for purposes of the luxury decontrol laws, and found that the two apartments were not combined for the purposes of the luxury decontrol laws, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied and the DHCR determination reinstated.

The Supreme Court erred in overturning the DHCR determination and finding that the two nonadjacent apartments were not combined for purposes of the rent stabilization luxury decontrol laws. DHCR's determination was supported by substantial evidence that the tenants intended and in fact treated the units as a single household, notwithstanding separate leases, registrations and rent bills, and different tenants of record (*see Matter of Noto v New York State Div. of Hous. & Community Renewal*, NYLJ, Jan. 15, 2003, at 18, col 2; *Sharp v Melendez*, 139 AD2d 262, 265 [1988], *lv denied* 73 NY2d 707 [1989]), as well as by the requisite income and combined rent

findings. There was uncontroverted evidence that the apartments were physically connected for approximately 15 years and until just prior to the commencement of these proceedings, and that the smaller apartment, which had no built-in kitchen facilities, functioned the entire time as the bedroom of the larger apartment's tenant's son.

The court also erred in finding for tenants on their due process and judicial estoppel arguments. The apartment inspection conducted during the petition for administrative review was authorized by Rent Stabilization Code (9 NYCRR) §§ 2527.5 and 2529.7 and DHCR's determination that the appliances in the smaller apartment did not constitute a kitchen was well within its expertise. The fact that the landlord argued that the two apartments were separate in the antecedent holdover proceedings did not estop it from arguing the contradictory position here, since the trial court stayed the holdover proceedings and the landlord at that point had gained no benefit by relying on the inconsistency (*D & L Holdings v RCG Goldman Co.*, 287 AD2d 65, 71-72 [2001], *lv denied* 97 NY2d 611 [2002]). However, the favorable result obtained herein does estop the landlord from continuing to maintain that the apartments are separate in the holdover proceedings. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.