▪ In the Matter of 103 EAST 86TH ST. REALTY CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and STACY MALIN, Intervenor-Respondent. [785 NYS2d 65]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered September 19, 2003, which denied the petition brought pursuant to CPLR article 78 to annul an administrative determination denying an application to deregulate an apartment under the luxury decontrol law, and dismissed the proceeding, unanimously affirmed, without costs.

Petitioner urges that respondent should have taken into consideration the income of the tenant's husband (*see* Rent Stabilization Law [Administrative Code of City of NY] § 26-504.1), despite the tenant's submission of evidence that her husband had permanently vacated the apartment prior to service upon her of the income certification form. To the contrary, this Court has previously upheld respondent's interpretation of Bulletin 95-3 in *Matter of A.J. Clarke Real Estate Corp. v New York State Div. of Hous. & Community Renewal* (307 AD2d 841 [2003]), which provides that the operative date for determining whose income, if any, will be included in total annual income is the date when the income certification form is served on the tenant. We perceive no basis on which to revisit the issue. Since petitioner submitted no controverting evidence with respect to whether and when the husband had vacated the apartment, respondent's determination to deny the petition for rent deregulation without a hearing was rationally based and not arbitrary and capricious.

Nor do we find that the recent decision in *Matter of Classic Realty v New York State Div. of Hous. & Community Renewal* (2 NY3d 142 [2004]) warrants a different outcome. The first calculation of the total household income here was erroneous because respondent had erred in telling the Department of Taxation and Finance to include the husband's income in the calculation. Although the Court in *Classic Realty* had reasoned that there should be no need for a second Taxation and Finance verification because an aggrieved tenant always has a remedy through administrative review, here, since respondent's error was due to no fault of the tenant, a refusal by respondent to obtain reverification would not have been in the interests of judicial economy. Accordingly, respondent's decision to obtain reverification was sound, and its determination refusing to deregulate the apartment was rationally based (*Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]). Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.