*331 OPINION OF THE COURT
Peter M. Wendt, J.
This is a holdover proceeding for possession of apartments 4F and 4R, at 765 Madison Avenue, New York, New York, commenced on the basis that respondent refused to sign rent-stabilized renewal leases for the subject apartments.
Respondent moves for dismissal on the basis that the lease renewal offer was improper and charged an illegal rent, and that respondent was justified in refusing to sign it.
Respondent commenced occupancy of apartment 4F in 1978. In 1991, respondent rented apartment 4R pursuant to a lease which gave respondent permission to combine apartments 4F and 4R.
Respondent alleges that she combined apartments 4F and 4R into a single apartment at her sole cost and expense, and that the two apartments have been a single apartment containing only one kitchen for the past 14 years. Respondent argues that the landlord conceded in a prior nonpayment proceeding that the two apartments are a single “indivisible” unit.
Respondent was charged a preferential rent in her initial 1991 lease for apartment 4R. A rider to the 1991 4R lease gave respondent the option to renew for four successive additional two-year terms at the preferential rate plus applicable rent stabilization increases.
Between 1993 and 2001, respondent executed successive two-year renewal leases for apartment 4R. With the exception of the 1999 renewal lease, the renewal leases for 4R, attached to petitioner’s opposition papers, contain a rider setting forth the legal regulated rent and the preferential rent charged. Respondent’s last lease for apartment 4R, which expired on October 31, 2003, contains a rider setting forth the legal regulated rent and the preferential rent.
Respondent’s most recent lease for apartment 4F expired on August 31, 2004, and contained the legal regulated rent. Respondent was never given a preferential rent for apartment 4F but was always charged the legal regulated rent for that apartment.
By notice dated October 6, 2006, petitioner offered respondent two separate renewal leases for the two apartments. The lease offer for apartment 4R does not offer a preferential rent based on the previously charged preferential rent, but is at the rent-stabilized legal regulated rent including applicable rent stabilization increases.
*332 Respondent argues that, as the premises are a single integrated apartment, it must be treated as a single, unified tenancy and the leases for the two apartments must be deemed a single lease. Respondent argues that under these circumstances the terms of the original lease for the earlier rented apartment 4F, which contains no preferential rent, controls. Respondent argues that where there is, as here, a conflict between two separate leases, the terms of the original, first-in-time lease, controls.
Respondent argues that the law makes no provision for a “partial” preferential rent, and does not permit the landlord to raise the rent on part of the combined apartment.
Respondent argues that, therefore, the lawful stabilized rent for the actual apartment 4F/R was a combination of the two rents charged at the inception of the 4F/R tenancy in 1991. Respondent argues that this rent consisted of the full stabilized rent for “Apt. 4F” plus the “preferential” rent for “Apt. 4R.” Respondent argues that because the operative 4F lease did not contain any reference to a preferential rent, petitioner cannot rely on the preferential rent language in the 4R lease. Respondent argues that she is therefore entitled to a single renewal lease using her last rent actually charged, consisting of the rent charged for 4F and the preferential rent charged for 4R, as the base. Respondent argues that as petitioner based the rent in the lease renewal offer on the full legal rents for apartments 4F and 4R, not the rents charged, the lease offer is defective. Respondent argues that she was well within her rights to decline to sign the improper renewal leases, and that the court must dismiss the petition.
Petitioner argues that respondent occupies two apartments in the building which were combined by her with the landlord’s approval. Petitioner alleges that the apartments continued to have separate leases, which were separately renewed at different intervals, and that the apartments are also separately registered with the Division of Housing and Community Renewal (DHCR). Petitioner argues that the preferential rent for apartment 4R has expired and the landlord is entitled to charge the full legal regulated rent in the renewal lease under the 2003 amendment to Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-511 (c) (14). Petitioner argues that respondent’s failure to execute the valid renewal lease offer is a ground for commencing eviction proceedings against respondent pursuant to Rent Stabilization Code (9 NYCRR) § 2524.3 (f).
*333 A preferential rent is a rent which a landlord agrees to charge, which is lower than the legal regulated rent the landlord could otherwise lawfully collect under the Rent Stabilization Law. Prior to June 20, 2003 where a landlord was charging a preferential rent the landlord could not raise the rent to the full legal regulated rent in lease renewals for that tenant but would have to wait until a vacancy and a new tenant to collect the full legal regulated rent.
In 2003 the Rent Stabilization Law was amended to provide that an owner could raise the preferential rent to the “previously established legal regulated rent” on lease renewal with the same tenant. The amendment, Rent Stabilization Law (Administrative Code of City of NY) § 26-511 (c) (14) (RSL), provides in pertinent part,
“where the amount of rent charged to and paid by the tenant is less than the legal regulated rent for the housing accommodation, the amount of rent for such housing accommodation which may be charged upon renewal or upon vacancy thereof may, at the option of the owner, be based upon such previously established legal regulated rent, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law.”
In October 2005, DHCR promulgated amended Rent Stabilization Code § 2521.2, which provides in accordance with RSL § 26-511 (c) (14) that a landlord may raise a previously charged preferential rent to the previously established legal regulated rent on lease renewal.
The courts have held that parties to rent regulated leases may agree to terms which are contrary to governing rent regulations involving “preferential rents” or “rent concessions.” In Matter of Century Operating Corp. v Popolizio (60 NY2d 483 [1983]) and Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal (283 AD2d 284 [1st Dept 2001]), both decided before RSL § 26-511 (c) (14) was enacted, those Courts held that specific lease terms took precedence over the more general “default” rent stabilization provisions then in effect governing renewal lease terms and preferential rents. Those decisions held that specific lease provisions limiting rent concessions or preferential rents to a single lease term took precedence over the rent stabilization provisions then in effect which required that where a preferential rent is charged, the tenant was entitled to a preferential rent for all renewal leases until that tenant vacated.
*334 Similarly in decisions issued after the 2003 amendment, the courts have held that parties to rent regulated leases may contract to “preferential rent” terms contrary to the 2003 amendment. Thus, in 448 W. 54th St. Corp. v Doig-Marx (5 Misc 3d 405 [Civ Ct, NY County 2004, Fiorella, J.], affd 11 Misc 3d 126[A], 2006 NY Slip Op 50199[U] [App Term, 1st Dept 2006]), the court held that the 2003 amendment does not prevent the parties from contractually agreeing that the preferential rent will continue during the entire term of the current tenancy, and that such a contractual provision will be given effect. Thus, both before and after the 2003 amendment, the courts held that specific lease terms take precedence over the more general “default” rent stabilization provisions governing renewal lease terms and preferential rents.
Respondent cites Matter of Nick v State of N.Y. Div. of Hous. & Community Renewal, Off. of Rent Admin. (244 AD2d 299 [1st Dept 1997]); Matter of Bianchi v New York State Div. of Hous. & Community Renewal (5 AD3d 303 [1st Dept 2004]); and Matter of Noto v New York State Div. of Hous. & Community Renewal (5 Misc 3d 1024[A], 2002 NY Slip Op 50725[U] [Sup Ct, NY County 2002, Bransten, J.]), court decisions which upheld DHCR orders holding that two apartments used as a single residence by the tenant and tenant’s family may be treated as one unit for purposes of applying the high income deregulation law and deregulating the residence. Respondent also cites Derderian v Lehmann (NYLJ, Aug. 15, 2001, at 18, col 4, 29 HCR 408 [Civ Ct, NY County, Cavallo, J.]) and Maris v Summer (NYLJ, Feb. 6, 2002, at 19, col 3, 30 HCR 92 [Civ Ct, NY County, Schneider, J.]) in support of respondent’s argument that the lease for the earlier rented apartment must govern. Those decisions held that where the tenant is protected from eviction from one of two apartments used as a single residence, pursuant to a provision prohibiting eviction of long-term tenants, with tenancy of at least 20 years, such protection travels with the tenant and protects him from eviction from the other unit as well. In Maris v Summer (at 19, col 3), Judge Schneider held that where the tenant is protected from eviction from one of two units based on residency for more than 20 years, “the rent regulatory system that applies to the first-occupied apartment encompasses the second apartment as well if they are occupied as a single residence.”
These cases are distinguishable from the case at bar. The holdings in Derderian v Lehmann (supra) and Maris v Summer *335 (supra) were based on the fact that the tenant was protected from eviction as a long-term tenant. In Derderian v Lehmann (at 18, col 5), Judge Cavallo held, “In the case of rent controlled tenants, the Legislature has gone to extreme lengths to protect elderly, long-term and disabled tenants from eviction.” The court distinguished the case from Leshinsky v Lawson (NYLJ, Feb. 24, 1994, at 30, col 6, 22 HCR 125 [App Term, 1st Dept]), where the court held that “[e]ven assuming that tenant’s two noncontiguous apartments might be viewed as a single unit for purposes of primary residence, landlord was not required to seek both apartments in this owner occupancy proceeding, particularly in the circumstance where the apartments are under separate leases with different expiration dates.”
Respondent has not cited cases generalizing these holdings to a principle that combined apartments must be treated as one apartment or that the first lease must govern for all purposes, including determining rent calculation issues. Respondent cites no compelling reason to prohibit the rents in the two leases from being considered separately with respect to determination of the rent that may be charged on renewal. Here, what is at stake is not deregulation or possession of the combined apartment, but merely the right to charge the legal regulated rent in the renewal leases. Indeed, respondent was on notice and agreed in writing in the original lease for apartment 4R to be charged the full legal regulated rent for apartment 4R after expiration of the fourth renewal lease. Thus, respondent cannot claim surprise or hardship on the basis that the rent has been unexpectedly raised.
Moreover, here the renewal lease offer charging the legal regulated rent is consistent with both the 2003 amendment (RSL § 26-511 [c] [14]) authorizing the landlord to charge a previously established legal regulated rent on lease renewal, and the lease provision limiting the preferential rent to four successive two-year lease renewals.
Applicable law permits the landlord to charge the full legal regulated rent, whether the two apartments are viewed as one combined apartment with one lease or two separate leases. If the apartments are a combined apartment with two leases, then the preferential rent on apartment 4R can be increased to the legal regulated rent pursuant to the 2003 amendment (RSL § 26-511 [c] [14]), which authorizes the landlord to raise the preferential rent to the previously established legal regulated rent on lease renewal with the same tenant. If there is deemed *336 to be only one lease for the combined apartment, then the rent last charged for the combined apartment was a preferential rent consisting of both the legal regulated rent for apartment 4F and the preferential rent charged for apartment 4R, and pursuant to RSL § 26-511 (c) (14) the combined rent may be increased to the legal regulated rent in the renewal lease for the combined apartment at the landlord’s option. The agreement between the parties did not provide to the contrary. It is not violative of the Rent Stabilization Law and is enforceable.
Respondent has not established that she is entitled to an order dismissing the proceeding on the basis that the lease renewal states an illegal rent. Respondent’s motion for dismissal is accordingly denied.