■ In the Matter of JENNIFER DOYLE, Appellant, v JUDITH A. CALOGERO, as Commissioner of the New York State Division of Housing and Community Renewal, Office of Rent Administration, Respondent, and NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent. [859 NYS2d 178]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered April 16, 2007, which denied the petition seeking to annul respondents' luxury deregulation of petitioner's apartment, unanimously affirmed, without costs.

Petitioner urges that when determining household income for purposes of luxury deregulation (*see* Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504.1), the agency should not have taken into consideration the income of her husband because he did not occupy the apartment during the two years preceding service of the income certification form, even though he did reside there at the time the form was served. However, this Court has previously upheld respondent's interpretation of Bulletin 95-3, which provides that the operative date for considering whose income will be included when

determining the total annual income of the occupants of a rent-stabilized apartment is the date when the income certification form is served on the tenant (*Matter of A.J. Clarke Real Estate Corp. v New York State Div. of Hous. & Community Renewal*, 307 AD2d 841 [2003]). That the application of this rule here will permit consideration of a new occupant's income as part of rent destabilization proceedings is not a basis for us to revisit the issue. Accordingly, respondents' determination was rationally based and was neither arbitrary and capricious nor an abuse of discretion (*see Matter of Plaza Mgt. Co. v City Rent Agency*, 48 AD2d 129 [1975], *affd* 37 NY2d 837 [1975]).

We have considered petitioner's other arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.