Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J), entered November 13, 2007, which denied petitioner landlord’s application brought pursuant to CPLR article 78 to annul the determination of respondent Division of Housing and Community Renewal (DHCR), dated March 7, 2006, denying the landlord’s petition for administrative review (PAR) of the denial of its application to deregulate the subject apartment under the luxury decontrol law, and dismissed the proceeding, unanimously affirmed, without costs.
DHCR’s determination, in this matter where the landlord sought to deregulate respondent tenant’s apartment on the basis that her estranged husband completed an income certification form (ICF) stating that the annual household income for *372 the subject apartment for the years 1994 and 1995 exceeded $250,000, was rationally based (see e.g. Matter of Plaza Mgt. Co. v City Rent Agency, 48 AD2d 129, 131 [1975], affd 37 NY2d 837 [1975]). The record, including, inter alia, an affidavit from the husband, establishes that the husband, who was served with the ICF in April 1996, had vacated the apartment in the spring of 1995, and thus, his income should not have been considered in the calculation of the total household income (see Matter of A.J. Clarke Real Estate Corp. v New York State Div. of Hous. & Community Renewal, 307 AD2d 841 [2003]; see also Matter of Doyle v Calogero, 52 AD3d 252, 252-253 [2008]). The determination was also rationally based on the independent ground that the New York State Department of Taxation and Finance was unable to ascertain whether the income threshold for the subject apartment had been met (see Rent Stabilization Code [9 NYCRR] § 2531.5)
Contrary to the landlord’s contention, the doctrine of inconsistent positions, which precludes a party from assuming a position in a legal proceeding that is contrary to a position that was taken in a prior proceeding (see e.g. Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436 [1995]), is inapplicable. Although the husband stated that he was a tenant in the subject apartment when he completed the ICF and then took a different position in the PAR, he was not a party to the PAR, and thus, the position taken by him cannot serve as grounds for estoppel, particularly where to do so would adversely affect a party’s rights. The doctrine is also inapplicable inasmuch as the husband did not secure a benefit from his completion of the ICF (see e.g. Angel v Bank of Tokyo-Mitsubishi, Ltd., 39 AD3d 368, 371 [2007]; Matter of Bianchi v New York State Div. of Hous. & Community Renewal, 5 AD3d 303, 304 [2004], lv denied 3 NY3d 601 [2004]).
We have considered the landlord’s remaining arguments and find them unavailing. Concur — Lippman, P.J., Gonzalez, Moskowitz, Acosta and Renwick, JJ.