■ In the Matter of JAMES A. POWER et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [878 NYS2d 682]—

Order, Supreme Court, New York County (Charles Tejada, J.), entered March 7, 2007, which denied the petition seeking a writ of prohibition preventing Division of Housing and Community Renewal (DHCR) from processing the owner's 2004 luxury deregulation proceeding and from demanding or verifying petitioner roommate Hastings' 2002 tax information in connection therewith, and granted DHCR's cross motion to dismiss, unanimously affirmed, without costs.

A writ of prohibition will issue where there is a clear legal right and the body or officer "acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Forte v Supreme Ct. of State of N.Y.*, 48 NY2d 179, 183 [1979], quoting *Matter of Dondi v Jones*, 40 NY2d 8, 13 [1976]) and, in the court's discretion, the remedy is warranted (*see Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783, 786 [1993]; *Matter of Schumer v Holtzman*, 60 NY2d 46, 51 [1983]).

There can be no dispute that DHCR has jurisdiction to adjudicate luxury deregulation petitions and to request that the Department of Taxation and Finance verify the total annual income of all persons residing in housing accommodations as their primary residence in connection therewith (Tax Law § 171-b [3] [b]; *Matter of Doyle v Calogero*, 52 AD3d 252 [2008]; *Matter of A.J. Clarke Real Estate Corp. v New York State Div. of Hous. & Community Renewal*, 307 AD2d 841 [2003]). Furthermore, in *Doyle*, this Court held that in determining household income for purposes of luxury deregulation, DHCR may

rationally take into consideration the income of occupants who reside in the apartment on the date the income certification form is served, even if the occupant did not occupy the apartment during the two years preceding service thereof.

Accordingly, the writ of prohibition was providently denied. The petition was correctly dismissed for failure to exhaust administrative remedies (*see Matter of Hawco v State of N.Y. Div. of Hous. & Community Renewal*, 225 AD2d 469 [1996]). Concur—Andrias J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.