Supreme Court properly dismissed the petition seeking to annul DHCR’s denial of petitioner’s application for high-income rent deregulation. Contrary to petitioner’s contention, DHCR was not required to conduct any further investigation prior to *648 reaching its determination (see e.g. Matter of Classic Realty v New York State Div. of Hous. & Community Renewal, 298 AD2d 201 [1st Dept 2002]). The record before DHCR permitted it to rationally and reasonably find that respondent Morton Drosnes’ daughter, Carrie, had been an occupant of the apartment on a temporary basis only in the two years preceding service of the income certification form (ICF), and had vacated the unit in April 2008, approximately one year prior to the March 3, 2009 service of the ICF. The operative date for determining occupancy is the date when the ICF is served (see Matter of 103 E. 86th St. Realty Corp. v New York State Div. of Hous. & Community Renewal, 12 AD3d 289, 290 [1st Dept 2004]; Matter of A.J. Clarke Real Estate Corp. v New York State Div. of Hous. & Community Renewal, 307 AD2d 841 [1st Dept 2003]). DHCR properly denied the petition for high income deregulation as Carrie’s income should not have been considered in the calculation of Drosnes’ total household income (see Matter of Chatsworth Realty Corp. v New York State Div. of Hous. & Community Renewal, 56 AD3d 371 [1st Dept 2008]).
Petitioner’s contention that DHCR improperly accepted Drosnes’ unsworn statement regarding his daughter’s occupancy lacks merit, as State Administrative Procedure Act § 306 (1) provides, in part, that “[u]nless otherwise provided by any statute, agencies need not observe the rules of evidence observed by courts, but shall give effect to the rules of privilege recognized by law.” Pursuant to State Administrative Procedure Act § 306 (1), the burden of proof was on petitioner — as the party who initiated the proceeding — to establish that Drosnes’ daughter did not reside in the apartment on a temporary basis.
Drosnes’ supplemental response, made one day after the 60-day period, was the result of DHCR’s request for clarification of his initial submission. Any delay may be properly excused (see Matter of Elkin v Roldan, 260 AD2d 197 [1st Dept 1999]), as New York City Administrative Code § 26-504.3 (c) (1) does not divest DHCR of “authority to forgive a late filing or excusable default in the sound exercise of its discretion” (Matter of Dworman v New York State Div. of Hous. & Community Renewal, 94 NY2d 359, 371-372 [1999]). Concur — Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.