■ In the Matter of BROOKFORD, LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [36 NYS3d 39]—

Judgment, Supreme Court, New York County (Joan B. Lobis, J.), entered September 29, 2015, in a proceeding pursuant to CPLR article 78, denying the petition seeking annulment of an order of respondent New York State Division of Housing and Community Renewal (DHCR), dated November 19, 2014, which affirmed, as modified, a prior DHCR order which denied petitioner's application to deregulate a rent-controlled apartment, and dismissing the proceeding, unanimously affirmed, without costs.

We find that the motion court was correct in its conclusion that DHCR properly apportioned respondent Margaret Friedman's adjusted gross income as reported in joint tax returns for purposes of petitioner's application for high rent deregulation.

The Rent Regulation Reform Act of 1993 (RRRA-93) § 5 (McKinney's Uncons Laws of NY § 26-403.1 [L 1993, ch 253, § 5, as amended]) provides for the deregulation of housing accommodations subject to the New York City Rent Control Law (RCL) when, in pertinent part, the monthly rent on such accommodation exceeds $2,000 and when the total annual income of the occupants of the housing accommodation exceeds $175,000 in each of the two years immediately preceding the year in which the landlord files a petition for deregulation (that is, 2006 in this case).

RCL (Administrative Code of City of NY) § 26-403.1 (a) (1) states in pertinent part as follows: "For purposes of this section, annual income shall mean the federal adjusted gross income as reported on the New York state income tax return. Total annual income means the sum of the annual incomes of all persons who occupy the housing accommodation as their primary residence other than on a temporary basis, excluding bona fide employees of such occupants residing therein in connection with such employment and excluding bona fide subtenants in occupancy pursuant to the provisions of section two hundred twenty-six-b of the real property law. In the case where a housing accommodation is sublet, the annual income of the sublessor shall be considered."

Petitioner owns the building located at 315 Central Park West. Si Friedman first occupied the subject rent-controlled

apartment—apartment 9S—in 1955. He moved to an assisted living facility in March 2005 and died there on November 3, 2006. His wife, respondent Margaret Friedman, succeeded to the apartment upon his death. In 2004 and 2005, the Friedmans filed joint federal and state tax returns indicating adjusted gross incomes of $200,831 in 2004 and $228,823 in 2005. On April 27, 2006, petitioner served upon the Friedmans an income certification form (ICF).

As noted, under RCL (Administrative Code) § 26-403.1 (a) (1) total annual income is defined as the "sum of the annual incomes of all persons who occupy the housing accommodation as their primary residence." The record is clear that respondent's husband was not an occupant of the apartment at the time the ICF was served. The husband entered the assisted living facility in March 2005, more than one year prior to service of the ICF, and died there on November 2006, without returning to the premises.

DHCR, as per the statute, properly excluded the income of respondent's husband from the total annual calculation income for 2004 and 2005, the two years immediately preceding the year petitioner filed the deregulation petition. Income of spouses who vacate the premises prior to the ICF service date may not be included in the total annual income calculations (see e.g. Matter of 315 E. 72nd St. Owners, Inc. v New York State Div. of Hous. & Community Renewal, 101 AD3d 647 [1st Dept 2012]; Matter of 103 E. 86th St. Realty Corp. v New York State Div. of Hous. & Community Renewal, 12 AD3d 289 [1st Dept 2004]; Matter of A.J. Clarke Real Estate Corp. v New York State Div. of Hous. & Community Renewal, 307 AD2d 841 [1st Dept 2003]).

DHCR's determination as to the apportionment of income was rationally based upon the information and documents provided by the parties. As respondent and her husband filed a joint tax return, a calculation had to have been made as to the income of the sole occupant of the apartment. Pursuant to RRRA-93, DHCR and the Department of Taxation and Finance entered into a memorandum of understanding that provides procedures for determining income. This memorandum of understanding was properly used in determining that respondent's adjusted gross income, as reported, was less than the statutory threshold for high rent deregulation.

This decision is not inapposite to this Court's decision in Matter of Nestor v New York State Div. of Hous. & Community Renewal (257 AD2d 395 [1st Dept 1999], lv dismissed and denied 93 NY2d 982 [1999]). There, the Court declined the

petitioner landlord's application to include the income of the respondent tenant's corporation, stating that the statutes at issue there unambiguously prohibited the inclusion of such income (*id.* at 396). Here, as in *Nestor*, we find that the operative statute unambiguously provides that only the income of the occupants of the housing accommodation shall be included in calculating the total annual income.

Finally, *Matter of Ansonia Assoc. L.P. v Unwin* (130 AD3d 453 [1st Dept 2015]) which is relied upon by petitioner is inapplicable. The petitioner in *Ansonia* established that the apartment at issue was not the respondent's primary residence under the rent stabilization laws, by submitting the respondent's federal tax returns (*id.* at 454). On those returns, the respondent received a substantial financial benefit by deducting the entire rent for the apartment as an expense of her S corporation (*id.*). The instructions for the returns specifically disallowed the deduction of rent for dwellings occupied by any shareholder for personal use (*id.*). This Court found that the respondent's claim of primary residency was "logically incompatible" with the position asserted on her tax returns (*id.* [internal quotation marks omitted]). Here, respondent is not asserting a position contrary to prior declarations. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.