Wood v Artifact Props., LLC (2019 NY Slip Op 01030)





Wood v Artifact Props., LLC


2019 NY Slip Op 01030


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1232 CA 18-00380

[*1]WILLIS WOOD, PLAINTIFF-RESPONDENT-APPELLANT,
v
ARTIFACT PROPERTIES, LLC, AND DAVID PERKINS, DEFENDANTS-APPELLANTS-RESPONDENTS. (APPEAL NO. 1.) 






KNYCH & WHRITENOUR, LLC, SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT ARTIFACT PROPERTIES, LLC. 
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III, OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT DAVID PERKINS. 
MACKENZIE HUGHES LLP, SYRACUSE (W. BRADLEY HUNT OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeals and cross appeal from an order of the Supreme Court, Oswego County (James W. McCarthy, J.) entered July 26, 2017. The order, among other things, denied in part the motion of defendant Artifact Properties, LLC for summary judgment, denied in part the motion of defendant David Perkins for summary judgment and denied in part the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiff's motion seeking partial summary judgment with respect to liability on the Labor Law § 240 (1) cause of action against defendant Artifact Properties, LLC and granting the motion of defendant Artifact Properties, LLC in its entirety and dismissing the amended complaint and cross claim against it, and as modified the order is affirmed without costs.
Memorandum: Defendant Artifact Properties, LLC (Artifact) owns an 85-acre residential property in the Town of Vienna, Oneida County. Plaintiff was hired to demolish the roof of an outbuilding on the property, and he was injured in the course of that work. Plaintiff thereafter commenced this action against Artifact and its alleged statutory agent, defendant David Perkins. In his amended complaint, plaintiff asserted causes of action against both defendants for common-law negligence and the violation of Labor Law §§ 240 (1) and 241 (6). Defendants cross-claimed against each other for indemnification and/or contribution.
Artifact thereafter moved for, inter alia, summary judgment dismissing both plaintiff's amended complaint against it and Perkins' cross claim. Perkins moved for summary judgment dismissing the amended complaint against him. Plaintiff moved for, inter alia, partial summary judgment as to liability on each cause of action against each defendant.
Supreme Court granted defendants' motions in part and dismissed plaintiff's causes of action under Labor Law § 241 (6); in all other respects, defendants' motions were denied. The court also granted that part of plaintiff's motion seeking partial summary judgment as to liability on his section 240 (1) cause of action against each defendant, contingent upon the jury's finding that the one- or two-family home exemption did not apply; in all other respects, plaintiff's motion was denied. Defendants appeal and plaintiff cross-appeals from that order.
Artifact's moving papers established, as a matter of law, its entitlement to the one- or [*2]two-family home exemption from liability under Labor Law § 240 (1) (see Stejskal v Simons, 3 NY3d 628, 629 [2004]; Khela v Neiger, 85 NY2d 333, 338 [1995]; Fawcett v Stearns, 142 AD3d 1377, 1377-1379 [4th Dept 2016]). In opposition, plaintiff failed to raise a triable issue of fact. Contrary to plaintiff's contention, Artifact's classification of the property as commercial in certain tax filings does not estop it from relying upon the exemption in this action (see Matter of Brookford, LLC v New York State Div. of Hous. & Community Renewal, 142 AD3d 433, 435 [1st Dept 2016], affd 31 NY3d 679 [2018]; cf. Amalfi, Inc. v 428 Co., Inc., 153 AD3d 1610, 1610-1611 [4th Dept 2017]; see generally Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]). The Internal Revenue Code's definition of a residential property is considerably narrower than the scope of the one- or two-family home exemption to liability under section 240 (1) (compare 26 USC § 280A, with Fawcett, 142 AD3d at 1377-1379 and Yerdon v Lyon, 259 AD2d 864, 864-865 [3d Dept 1999], lv denied 94 NY2d 754 [1999]), and, as such, Artifact's tax declarations are not " logically incompatible' " with its current reliance upon that exemption (Brookford, 142 AD3d at 435; see generally Katz Park Ave. Corp. v Jagger, 11 NY3d 314, 317 [2008]). The court thus erred in granting plaintiff partial summary judgment as to liability on his cause of action against Artifact under section 240 (1), and it further erred in denying Artifact summary judgment dismissing that cause of action. We therefore modify the order accordingly. Artifact's alternative grounds for dismissing the section 240 (1) cause of action against it are academic.
Artifact's moving papers also established its entitlement to judgment as a matter of law dismissing plaintiff's common-law negligence cause of action against it (see Alati v Divin Bldrs., Inc., 137 AD3d 1577, 1579 [4th Dept 2016]). In opposition, plaintiff failed to raise a triable issue of fact. Thus, while the court properly refused to award plaintiff summary judgment as to liability on that cause of action, the court erred in refusing to dismiss that cause of action on Artifact's motion. We therefore further modify the order accordingly.
We likewise agree with Artifact that it is entitled to summary judgment dismissing Perkins' cross claim (see Littleton v Amberland Owners, Inc., 94 AD3d 953, 953-954 [2d Dept 2012]), and we further modify the order accordingly. Finally, we have considered and rejected the various challenges to the court's determinations regarding plaintiff's causes of action against Perkins and his Labor Law § 241 (6) cause of action against Artifact.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court