Matter of Martin-Geindo v New York State Div. of Hous. & Community Renewal (2019 NY Slip Op 01527)





Matter of Martin-Geindo v New York State Div. of Hous. & Community Renewal


2019 NY Slip Op 01527


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8587 157373/17

[*1]In re J. Martin-Geindo, Petitioner-Appellant,
v
New York State Division of Housing and Community Renewal, et al., Respondents-Respondents.


Collins, Dobkin & Miller LLP, New York (W. Miller Hall of counsel), for appellant.
Mark F. Palomino, New York (Jason G. Parpas of counsel), for New York State Division of Housing and Community Renewal, respondent.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Andrew I. Bart of counsel), for Heights HQ, LLC and Livingston Management, respondents.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), entered January 22, 2018, denying the petition to annul respondent New York State Division of Housing and Community Renewal's determination, dated July 13, 2017, settling a non-compliance proceeding against respondents Heights HQ, LLC and Livingston Management, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to establish that respondent New York State Division of Housing and Community Renewal (DHCR) exceeded its authority by entering into an agreement with respondents Heights HQ, LLC and Livingston Management settling a non-compliance proceeding initiated against them, or that DHCR's decision to enter into such an agreement either violated a lawful procedure or was arbitrary and capricious (see Matter of Power v New York State Div. of Hous. & Community Renewal, 61 AD3d 544, 544 [1st Dept 2009], lv denied 13 NY3d 716 [2010]; Matter of Soho Alliance v New York State Liq. Auth., 32 AD3d 363, 363 [1st Dept 2006]; Matter of Town of Marilla v Travis, 151 AD3d 1588, 1589-1590 [4th Dept 2017]). DHCR's prior order, which required Heights HQ and Livingston to reinstate door-to-door trash collection in petitioner's building within thirty days, did not preclude Heights HQ or Livingston from filing an application for a reduction or modification of services pursuant to section 9 NYCRR 2522.4(e) of the Rent Stabilization Code. Accordingly, DHCR's subsequent settlement of an enforcement action against Heights HQ and Livingston, in which DHCR required them to file such an application within sixty days, did not constitute a
revocation or modification of its prior order, and did not require notice to petitioner pursuant to section 9 NYCRR 2527.8 of the Rent Stabilization Code.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK